## AVENT *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 52. Argued October 9, 1924.—Decided November 17, 1924.

1. Where the constitutional grounds for bringing a case to this Court from the District Court by appeal are frivolous, but there are other questions urged, the case will be transferred to the Circuit Court of Appeals. P. 131.
2. That Congress, to meet emergencies, may, consistently with the Fifth Amendment, require a preference in the order of purposes for which coal may be carried in interstate commerce; that this does not trench upon power reserved to the States; that the power may be delegated to the Interstate Commerce Commission, for exercise under rules that are reasonable and in the interest of the public and of commerce; and that violation of the rules may be made a crime,—are propositions plainly settled by previous decisions. Transportation Act, Title IV, § 402 (15), considered. P. 130.
3. The objection that an order of the Interstate Commerce Commission unconstitutionally prefers the ports of one State over those of another, cannot avail a party whom the alleged preference does not concern. P. 131.

Case transferred to Circuit Court of Appeals.

ERROR to a judgment of the District Court fining the plaintiff for violating a rule of the Interstate Commerce Commission.

*Mr. Frank E. Wood,* with whom *Mr. Edgar M. Powers* was on the briefs, for plaintiff in error.

Section 1, par. 15, Interstate Commerce Act, as amended by Transportation Act, 1920, delegates legislative power unlawfully and there is no clear statutory basis for the charge of a crime.

The order of the Commission is repugnant to the Constitution because it transcends the authority delegated to Congress over interstate commerce, and encroaches upon the police powers of the States.

The order deprived defendant of property without due process of law in violation of the Fifth Amendment.

The order gave a preference to one port over another, in violation of cl. 6, § 9, Art. I, of the Constitution.

The fuel administrative powers assumed by the Commission were not authorized by § 1 of the Interstate Commerce Act as amended. The powers asserted violate par. 12, § 1, and were not conferred by par. 15. Their existence is negatived by the subsequent enactment of the National Emergency Act of September 22, 1922, c. 413, 42 Stat. 1025.

Service Order 23 was not binding on the defendant because it was directed to carriers, not shippers, and its terms were not published as required by law.

No concession or discrimination was accepted or received by the defendant within the meaning of the Elkins Act, because there was no advantage knowingly given or granted by the carrier, nor so charged in the indictment.

The question is not solely one of constitutional law, but necessarily includes construction of the Elkins Act and § 1 of the Interstate Commerce Act, as amended.

The validity of the provisions of Service Order 23 has not been settled by recent adjudications of the courts.

If par. 15, § 1, is construed as authorizing the Commission to enter such an order as Service Order 23, it must be held void as delegating legislative power unlawfully.

*Armour Packing Co.* v. *United States,* 209 U. S. 56; *Chicago & Alton R. R. Co.* v. *Kirby,* 225 U. S. 155; *Pennsylvania R. R. Co.* v. *Puritan Coal Co.,* 237 U. S. 121, and other cases relied upon by the Government, do not establish that the offense charged is outlined in the Elkins Act. See *United States* v. *Koenig Coal Co.,* 1 Fed. (2d) 738.

*Mr. Blackburn Esterline,* Assistant to the Solicitor General, with whom *Mr. Solicitor General Beck* was on the brief, for the United States.

Mr. Justice Holmes delivered the opinion of the Court.

Transportation Act, 1920, (February 28, 1920, c. 91,) Title IV, § 402 (15), 41 Stat. 456, 474, 476, authorizes the Interstate Commerce Commission, whenever it is of opinion that shortage of equipment, congestion of traffic or other emergency requiring immediate action exists in any section of the country, to suspend its rules as to car service and to make such reasonable rules with regard to it as in the Commission's opinion will best promote the service in the interest of the public and the commerce of the people; and also, among other things, to give direction for preference or priority in transportation or movement of traffic.

On July 25, 1922, the Interstate Commerce Commission, reciting that in the opinion of the Commission an emergency which required immediate action existed upon the railroad lines east of the Mississippi River, ordered that coal cars should be furnished to the mines according to a certain order of purposes numbered in classes 1, 2, 3, 4 and 5, and that no coal embraced in classes 1, 2, 3 or 4 should be subject to reconsignment or diversion except for some purpose in the same or a superior class. The making of gas falls in class 2; the making of Portland Cement into class 5.

The plaintiff in error was indicted for fraudulently inducing interstate carriers to transport coal seemingly intended to be used to make gas but actually intended to be used to make Portland Cement in violation of the Commission's order. A demurrer to this indictment was overruled and the plaintiff in error pleaded guilty and

was sentenced to a fine. Subsequently he moved in arrest of judgment upon the grounds that the order and the statute if it authorized the order were unconstitutional, as depriving him of due process of law, and as exercising a power reserved to the States; and also that the order granted a preference to the ports of one State over those of another. The motion was overruled and a writ of error was taken direct to this Court.

The right to come here depends upon the presence of some substantial constitutional question. But so far as such questions are raised we are of opinion that they are not substantial in view of previous decisions. We must take it that an emergency contemplated by the statute existed, as found by the Commission and alleged in the indictment. That in such circumstances Congress could require a preference in the order of purposes for which coal should be carried, consistently with the Fifth Amendment, is clear and is assumed in *Peoria & Pekin Union Ry. Co.* v. *United States,* 263 U. S. 528, 532. See also *Wilson* v. *New,* 243 U. S. 332. *Fort Smith & Western R. R. Co.* v. *Mills,* 253 U. S. 206, 207. *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121, 133. That it can do so without trenching upon the powers reserved to the States seems to us not to need argument. That it can give the powers here given to the Commission, if that question is open here, no longer admits of dispute. *Interstate Commerce Commission* v. *Illinois Central R. R. Co.,* 215 U. S. 452. *United States* v. *Grimaud,* 220 U. S. 506. *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121, 133. The statute confines the power of the Commission to emergencies, and the requirement that the rules shall be reasonable and in the interest of the public and of commerce fixes the only standard that is practicable or needed. *Union Bridge Co.* v. *United States,* 204 U. S. 364. *Nash* v. *United States,* 229 U. S. 373, 376, 377. *Intermountain*

*Rate Cases,* 234 U. S. 476, 486. *Mutual Film Co.* v. *Industrial Commission of Ohio,* 236 U. S. 230, 246. Congress may make violation of the Commission's rules a crime. *United States* v. *Grimaud,* 220 U. S. 506. The alleged preference of ports if there is anything in the objection does not concern the plaintiff in error. As there is no substance in the grounds for the appeal to this Court and as other matters are urged the case must be transferred to the Circuit Court of Appeals. *United Surety Co.* v. *American Fruit Product Co.,* 238 U. S. 140. Act of September 14, 1922, c. 305, 42 Stat. 837.

*Transferred to Circuit Court of Appeals.*