## AVENT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 9, 1926.)

### No. 4332.

Commérce ☞88.

Order of Interstate Commerce Commission providing for preference in transportation of coal *held* valid, under Transportation Act 1920, § 402, subd. 15 (Comp. St. § 8563), and National Emergency Act 1922, § 2 (Comp. St. § 8819i).

In Error to the District Court of the United States for the Southern District of Ohio; John W. Peck, Judge.

Edward P. Avent, Jr., was convicted on his plea of guilty to indictment charging fraudulently inducing interstate carriers to transport coal, in violation of Interstate Commerce Commission's order providing for preference in transportation of coal. On error direct to the Supreme Court, case was transferred to the Circuit Court of Appeals. 266 U. S. 127, 45 S. Ct. 34, 69 L. Ed. 202. Affirmed.

Frank E. Wood, of Cincinnati, Ohio, for plaintiff in error.

Wm. H. Bonneville, Sp. Asst. U. S. Atty., of Cincinnati, Ohio (Haveth E. Mau, U. S. Atty., and Harry A. Abrams, Asst. U. S. Atty., both of Cincinnati, Ohio, on the brief), for the United States.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was indicted for fraudulently inducing interstate carriers to transport coal for the alleged purpose of making gas, but with the actual intention of using it to make Portland cement, in violation of Service Order No. 23 of the Interstate Commerce Commission, made July 25, 1922, which, among other things, provides for preference or priority in transportation of traffic.

The indictment contained ten counts, all of a similar nature. A demurrer to the indictment was overruled, and the defendant pleaded guilty to counts 1, 2, 3, 9, and 10. This plea was accepted by the government, and the defendant sentenced to pay a fine of $2,000. A motion in arrest of judgment was then filed and overruled, and error was prosecuted direct to the Supreme Court. That court decided there was no substantial constitutional question involved, and transferred the case to this court for the determination of all other questions presented by the record. Avent v. U. S., 266 U. S. 127, 45 S. Ct. 34, 69 L. Ed. 202.

It is now insisted upon the part of the plaintiff in error that Service Order No. 23 exceeds the authority conferred upon the Interstate Commerce Commission by paragraph 15, section 402, title 4 (41 Stat. 476) of the Transportation Act of 1920 (Comp. St. § 8563), and that this question was not decided by the Supreme Court in Avent v. United States, supra, or in either of the two later cases decided April 12, 1926, United States v. P. Koenig Coal Co., 270 U. S. 512, 46 S. Ct. 392, 70 L. Ed. 709, or United States v. Michigan Portland Cement Company, 270 U. S. 521, 46 S. Ct. 395, 70 L. Ed. 713.

It is said by the Supreme Court in the first paragraph of its opinion in the Avent Case that the "Transportation Act of 1920, * * * authorizes the Interstate Commerce Commission, whenever it is of opinion that shortage of equipment, congestion of traffic or other emergency requiring immediate action exist in any section of the country, to suspend its rules as to car service * * * * * and also, among other things, to give direction for preference or priority in transportation or movement of traffic." In the same case the Supreme Court further held that Congress has the power to require a preference in the order of purposes for which coal should be carried and that it can confer like powers on the Interstate Commerce Commission, citing Interstate Commerce Commission v. Illinois Central R. R. Co., 215 U. S. 452, 30 S. Ct. 155, 54 L. Ed. 280; United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; Penna. R. R. Co. v. Puritan Coal Mining Co., 237 U. S. 121, 133, 35 S. Ct. 484, 59 L. Ed. 867.

In this connection the court said: "The statute confines the power of the commission to emergencies, and the requirement that the rule shall be reasonable and in the interest of the public and of commerce fixes the only standard that is practicable or needed"—cit-

ing Union Bridge Company v. United States, 204 U. S. 364, 27 S. Ct. 367, 51 L. Ed. 523; Nash v. United States, 229 U. S. 373, 376, 377, 33 S. Ct. 780, 57 L. Ed. 1232; Intermountain Rate Cases, 234 U. S. 476, 486, 34 S. Ct. 986, 58 L. Ed. 1408; Mutual Film Corp. v. Industrial Commission of Ohio, 236 U. S. 230, 246, 35 S. Ct. 387, 59 L. Ed. 552, Ann. Cas. 1916C, 296. It would therefore appear that the Supreme Court in this case has decided, not only that Congress may confer this power upon the Interstate Commerce Commission, but that it has actually done so in paragraph 15 of section 402 of the Transportation Act of 1920.

It is nevertheless insisted on behalf of the plaintiff in error that the authority conferred upon the Commission to suspend the operation of any or all rules, regulations, or practices then established with respect to car service, for such time as may be determined by the Commission, does not authorize the Commission to suspend the statutory duties imposed upon carriers by paragraph 12 of the same section, and that the intention of Congress not to confer such power further appears in the National Emergency Act of 1922, which purports to enlarge the authority of the Commission "to issue in transportation of coal, or other fuel, orders for priorities in car service." Section 2 (Comp. St. § 8819i).

If the provision in paragraph 15 did not confer upon the Commission the power to suspend the requirements relating to car service mentioned in paragraph 12 of the same section, then an order of priority made by the Commission in pursuance of the authority conferred in paragraph 15 would avail nothing, and the conferring of such power, without the means to exercise it, would be a vain and useless thing.

In the Transportation Act of 1920 the Commission is authorized to exercise this power in any section of the country, when, in its opinion, an emergency requiring immediate action exists in such section. The power here conferred does not specifically extend to the country as a whole, but only to any section of the country in which, in the opinion of the Commission, an emergency exists.

The National Emergency Act, effective September 22, 1922, does not deal with parts or sections of the United States, but with the nation as a whole. If, however, the power conferred upon the Commission by the Trans-

portation Act extended to all, and not merely to a part or section, of the country, the right to exercise that power was not unconditional, but only when, in the opinion of the Commission, an emergency exists. The National Emergency Act declares that a national emergency exists, and enlarges the powers of the Commission to meet the necessities of this nation-wide emergency without any preliminary finding by the Commission as to the existence thereof.

In United States v. P. Koenig Coal Co., supra, a demurrer to a similar indictment for the violation of Service Order No. 23 was based on seven different grounds, all of which, except the first and third, the Supreme Court held were decided in the Avent Case. The first ground was that the facts charged did not constitute a concession given or a discrimination practiced, as defined by the Elkins Act (Comp. St. §§ 8597–8599); the third, that the service order exceeded the authority conferred upon the Interstate Commerce Commission. The District Court sustained the demurrer upon the first ground, and that was the only one urged in the Supreme Court in support of the demurrer. While, for this reason, the Supreme Court did not discuss the third ground, it reversed the judgment of the District Court sustaining the demurrer. If the indictment were vulnerable to the third ground of the demurrer, the Supreme Court would not have reversed the judgment of the District Court sustaining the demurrer, regardless of the reasons given by that court for its judgment.

In United States v. Michigan Portland Cement Co., supra, one of the grounds of demurrer urged by counsel for the defendant was "that paragraph 15 of section 402 of the Transportation Act did not authorize and delegate to the Interstate Commerce Commission the fixing of preference and priorities in transportation" for the reason that "car service does not include transportation." In disposing of this question the Supreme Court said: "It seems to us clear that the order of the Commission affects the furnishing of cars, their loading, their consignment, and thus necessarily their movement in transportation, and corresponds fully with the powers conferred by section 15, and that section 15 and Service Order No. 23 both apply, not only to priority of car service, but also to that of transportation."

Judgment affirmed.