## JONES v. SECURITIES AND EXCHANGE COMMISSION.

## SECURITIES AND EXCHANGE COMMISSION v. JONES.

### Nos. 80, 184.

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1935.

618

·· H. I. Fischbach, of New York City, Harry O. Glasser, of Enid, Okl., and J. N. Saye, of Longview, Tex., for appellant.

. John J. Burns, of Washington, D. C. (Francis Currie, Charles R. Kaufman, and Francis S. Walker, all of Washington, D. C., of counsel), for Securities Exchange Commission.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Appellant filed a registration statement covering a forthcoming issue of participation trust certificates pursuant to section 6 of the Securities Act of 1933 (48 Stat. 74, 15 U. S. C. § 77f [15 USCA § 77f]) with the appellee. It was filed May 4, 1935, and on May 23, 1935, notice of a hearing on this statement was sent to the appellant by the commission. On June 18th a hearing was had, and appellant attempted to withdraw his registration statement, which was denied by the officer conducting the hearing for the commission. This ruling was based on the regulation of the commission providing: "Any registration statement or any amendment thereof may be withdrawn upon the request of the registrant if· the Commission consents thereto * * * which consent shall be given by the Commission with due regard to the public interest and the protection of investors." Release No. 47 of the Federal Trade Commission, Sept. 22, 1933.

Appellant filed a petition to review the action of the commission refusing permission of withdrawal of his registration statement. The appellee moves to dismiss the petition to review contending that it was prematurely brought since no order had been entered by the commission within the meaning of section 9 (a) of the Securities Act (48 Stat. 80, 15 U. S. C. § 77i, 15 USCA § 77i, subd. (a), and that therefore the court has no jurisdiction to entertain this petition. Section 9 (a) grants any person aggrieved by an order of the commission a review thereof in the Circuit Courts of Appeals of the United States within any circuit wherein such person resides or has his place of business. Since no stay was granted by this court pursuant to section 9 (b) of the Securities Act (15 USCA § 77i, subd. (b), the commission, on July 3, 1935, filed a petition in the District Court for the Southern District of New York, pursuant to section 22 (b) of the act (48 Stat. 86, 15 U. S. C. § 77v, 15 USCA § 77v, subd. (b), for an order directing the appellant to appear and testify before an officer of the commission pursuant to a subpœna which the commission had previously served on the appellant and which he had failed to obey. The appellant appeared in opposition to this

petition, a hearing was had, and the court granted the order directing the appellant to appear and testify in the matter of the registration statement he had filed. The respondent therein named appealed to this court. The two causes have been consolidated.

■ The appellee moves to dismiss the petition to review urging that no order has been entered which the petitioner might review in this court. The orders of the commission referred to are to be found in sections 8 (b), 8 (d) and 8 (e), 15 USCA § 77h, subds. (b, d, e), all preceding section 9, which provides for a review of the orders. Section 8 (b) authorized an order refusing to permit a registration statement to become effective until it has been amended as required in the order. Sections 8 (d) and 8 (e) provide for the entry of a stop order suspending the effectiveness of the registration statement at any time. Notice of hearings and proceedings under these sections must be given, and the commission must make a final determination of fact before such orders may be entered. They would then become final orders of the commission. The order sought here to be reviewed is not of either type. It is an interlocutory ruling in the proceeding and hearing which was within the control of the commission as a tribunal until some final determination was made. Interlocutory orders of a court are not reviewable except where it has been provided by statutory authority. Illustration of this is the jurisdiction of this court provided for by section 128 of the Judicial Code (28 U. S. C. § 225 [28 USCA § 225]), which provides that the Circuit Court of Appeals may review only final decisions of the District Court and certain enumerated interlocutory orders or decrees granting, refusing, or modifying interlocutory injunctions and receiverships or involving extraordinary relief. Herrup v. Stoneham, 15 F.(2d) 49 (C. C. A. 2); France & Canada S. S. Co. v. French Republic, 285 F. 290 (C. C. A. 2); Gas & Electric Securities Co. v. Manhattan & Queens Traction Corporation, 266 F. 625, 632 (C. C. A. 2). These principles have been applied to interlocutory rulings of administrative tribunals. Chamber of Commerce of Minneapolis v. Federal Trade Commission, 280 F. 45 (C. C. A. 8). We do not think that Congress intended by any provision of this act to permit reviews by the Circuit Courts of Appeals of interlocutory and procedural orders entered by the Securities and Exchange Commission.

The stop order hearings authorized by the act are summary proceedings for the protection of investors against misrepresentation and omissions of a registration statement. We think it is when a final order is entered as a result of the hearings that the act intends the appellant might have a right of review of that determination. No order under section 8 (b) of the act (15 USCA § 77h, subd. (b) was entered and the registration here became effective May 24th. It remained effective since no stop order was issued under section 8 (d), 15 USCA § 77h, subd. (d). Under such circumstances the denial of a motion to withdraw the registration reflected no injury upon the appellant. The motion to dismiss the petition to review is granted.

Appellant appeals from an order directing him to appear and testify before the commission regarding his registration statement. It was entered pursuant to section 22 (b) of the act (15 USCA § 77v, subd. (b).

The answer of the appellant sets up the invalidity of the statute on constitutional grounds and also denies jurisdiction of the commission to make the application after his motion to dismiss. If he could withdraw his registration by a mere request, it would end the effect of filing it and there is no authority under section 19 (b), 15 USCA § 77s, subd. (b) to issue the commission subpœna and it could not be enforced by order of the District Court under section 22 (b).

■ The appellant contends that the Securities Act of 1933 as amended is unconstitutional because the securities are not subjects of commerce. But the power of Congress as it relates to control over the use of the mails is fully sustained by the cases which have considered the mail fraud statutes. Badders v. United States, 240 U. S. 391, 36 S. Ct. 367, 60 L. Ed. 706; Public Clearing House v. Coyne, 194 U. S. 497, 24 S. Ct. 789, 48 L. Ed. 1092; In re Rapier, 143 U. S. 110, 12 S. Ct. 374, 36 L. Ed. 93; Ex parte Jackson, 96 U. S. 727, 24 L. Ed. 877. It is not an unreasonable method of preventing the use of the mails to promote and consummate the sales of misrepresented securities, to require that all securities, before mails are used, must be registered.

Lewis Publishing Co. v. Morgan, 229 U. S. 288, 33 S. Ct. 867, 57 L. Ed. 1190, upheld the exaction of certain information as a condition precedent to a newspaper's classification as second-class matter. Congress clearly had the power to enact the provision excluding securities from the use of the mails unless a true statement describing them was filed in a public office in Washington. The postal power, like all other powers of Congress, is subject to the limitations imposed by the Bill of Rights. United States ex rel. Milwaukee S. D. Pub. Co. v. Burleson, 255 U. S. 407, 430, 41 S. Ct. 352, 65 L. Ed. 704; Burton v. United States, 202 U. S. 344, 371, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362. But admitting such limitation, we think there was sufficient authority for the mail sections of the Securities Act. The claim that the registration requirements violated due process of law is without force. Registration of all securities, whether good or bad, required by state blue sky laws have been upheld as no violation of the due process clause. Hall v. Geiger-Jones Co., 242 U. S. 539, 37 S. Ct. 217, 61 L. Ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643; Caldwell v. Sioux Falls Stock Yards Co., 242 U. S. 559, 37 S. Ct. 224, 61 L. Ed. 493; Merrick v. N. W. Halsey & Co., 242 U. S. 568, 37 S. Ct. 227, 61 L. Ed. 498. Similar registration required of securities within the jurisdiction by the federal government would likewise be clear of the inhibitions of due process in the Fifth Amendment. If the act is constitutional so far as it forbids the use of the mails, that is sufficient for our present consideration. Section 26 of the act (15 USCA § 77z) contains a provision that the invalidity of one part shall not invalidate the rest.

■ Another constitutional objection advanced is that there was an unconstitutional delegation of power by Congress in leaving the determination of rules to the commission. A. L. A. Schechter Poultry Corporation v. United States, 295 U. S. 495, 55 S. Ct. 837, 79 L. Ed. 1570, 97 A. L. R. 947, and Panama Refining Co. v. Ryan, 293 U. S. 388, 55 S. Ct. 241, 79 L. Ed. 446, did not decide that any delegation of authority to control details of administration was void. They expressly recognized that details of a subordinate nature may be supplied by administrative regulations. The delegation of authority to the commission was merely power to supply these necessary flexible details. Since the powers delegated are of this character, they appear to be within the ruling deciding that similar delegation to the Federal Trade Commission was not unlawful. Avent v. United States, 266 U. S. 127, 45 S. Ct. 34, 69 L. Ed. 202; Interstate Commerce Commission v. Goodrich Transit Co., 224 U. S. 194, 32 S. Ct. 436, 56 L. Ed. 729. The power to make rules regulating registration is very different from that in the case of the Panama Refining Co. Case, supra, where there was "no criterion to govern the President's course," and from that in the A. L. A. Schechter Poultry Corporation Case, supra, where the delegation was similar. In both these cases, the executive received the power to affect fundamental provisions of the law. This is entirely different from the power which was set up by an administrative mechanism. Further, those cases seem to have held that there was no necessity for the broad delegation of power. Such cannot be said of the Securities Act. See 1935, 48 Harvard Law Review, 798. We think that section 19 (a) of the act (48 Stat. 85) as amended by Act June 6, 1934, § 209 (15 U. S. C. § 77s, 15 USCA § 77s, subd. (a) is constitutional.

■■ The action of the commission in refusing to allow the withdrawal was proper. Section 19 (a) of the statute authorized the commission to make such rules and regulations as shall be necessary to carry out the provisions of the title. It would seem necessary to the prevention of the use of the facilities of the mail in, the promotion of securities about which no responsible information is on file, to deny a desired withdrawal. The commission properly argues that an unlimited privilege of withdrawal would have the effect of allowing registrants whose statements are defective, to withdraw before a stop order was issued and then to submit another statement with slight changes. This would present a real administrative difficulty and for this reason the Commission's Release 47 seems within the authority granted by section 19 (a). Moreover, the right of the appellant to withdraw his registration may properly be conditioned by the commission in view of the public interest. In re J. R. Palmenberg Sons, 76 F.(2d) 935 (C. C. A. 2); Young v. Southern Pac. Co., 25 F.(2d) 630 (C. C. A. 2); American Zylonite Co. v. Celluloid Mfg. Co. (C. C.) 32 F. 809.

The commission's authority to subpœna the appellant and compel him to testify seems clear. Appellant advanced the unconstitutionality of the Securities Act and thus a ruling on this is necessary, even though the commission's denial of the petition to withdraw is not reviewable by us. The appellee's right to the power to subpœna witnesses for examination is based upon sections 8 (d), 8 (e) and 19 (b), 15 USCA §§ 77h, subds. (d, e), 77s, subd. (b). Appellant argues there is an operative distinction between "investigation" as used in section 19 (b) and "examination" as it is referred to in section 8 (d) and section 8 (e), and contends that section 8 (d) and section 8 (e) do not authorize the compulsion of witnesses to attend an examination with any greater sanction than the issuance of a stop order. The distinction between "examination" and "investigation" is not as potent as argued by appellant. Section 22 (b) of the act (15 USCA § 77v, subd. (b), authorizing a District Court to order the appearance of a contumacious witness, speaks of "examiners" designated by the commission. If the appellant's contention was sound, those conducting "investigations" would be "examiners" and those conducting "examinations" within section 8 (d) and section 8 (e) would not be "examiners." Moreover, the power granted by section 19 (b) is for an investigation "necessary and proper" for the enforcement of the act. A proceeding under section 8 (d) is such an investigation. It is a violation of the act for a registrant to include, in a registration statement filed with the commission, an untrue statement of a material fact or an omission of a material fact which should be stated. If such conduct is willful, it is a criminal offense under section 24 of the act (15 USCA § 77x). The obvious investigation for the purpose of detecting these violations is the hearing provided for in section 8 (d).

The contention that the appellee's only sanction to compel attendance at the hearings is the issuance of a stop order is erroneous. The appellee is authorized to issue the stop order if the issuer, or underwriter, refused to co-operate. If this were the limit of the commissioner's authority, an underwriter could force a stop order which would injure the innocent issuer and there would be no compulsory power over third persons at all since the stop order is authorized only if the issuer or underwriter prove unwilling to co-operate. Yet the appellee is empowered to examine the issuer, underwriter, or any other person. A proper conduct of a hearing under sections 8 (d) and 8 (e), which determines the rights of the parties, requires that the administrative body conducting the hearing have complete power to compel production of any evidence necessary to the final determination. Only a stop order could have ended the effectiveness of the registration here and the hearing to determine whether to issue one was authorized and the issuance of a subpoena was lawful.

The court below properly directed the appellant's attendance as a witness.

Order affirmed.