## RESOURCES CORPORATION INTERNATIONAL v. SECURITIES AND EXCHANGE COMMISSION.

### No. 6662.

Circuit Court of Appeals, Seventh Circuit.

June 17, 1938.

Casper Wm. Ooms, of Chicago, Ill., for petitioner.

Thomas J. Lynch, of Washington, D. C., for respondent.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

Petitioner filed its petition for review of an order of the Securities and Exchange Commission entered May 25, 1938, denying its amended motion for leave to withdraw a registration statement theretofore filed by it in accordance with the provisions of the Federal Securities Act of 1933, 15 U.S.C.A. § 77a et seq. Simultaneously with its petition for review, it prayed that an order of the Securities and Exchange Commission setting the cause for further hearing on May 31, and denying petitioner's motion for postponement, be vacated and that this court enter a rule requiring the Securities and Exchange Commission to show cause why a writ of injunction or a restraining order should not be issued enjoining the Commission from refusing to permit the withdrawal of the registration statement, and staying all further proceedings, and that "this proceeding shall operate as a stay of the order entered May 25, and of the order setting said hearing for May 31st, 1938." One Judge of this court thereupon entered an order staying further proceedings before the Securities and Exchange Commission, directing the Securities and Exchange Commission to show cause why a writ of injunction should not issue restraining it from taking any steps or proceedings to adduce additional testimony, and why petitioner should not be permitted to withdraw its registration statement, and also directing the Commission to certify and file to this court a transcript of the record upon which its order was based.

In response to this order, the Commission filed its motion to dissolve the order and dismiss the petition for review, and a hearing was had on this motion.

The facts as stated in the petition for review are as follows: Petitioner, a Delaware corporation with an authorized capital stock of 1,000,000 common or equitable shares of no· par value, on February 28, 1938, filed a registration statement accompanied by a proposed prospectus and financial statements and schedules prepared in conformity with the rules and regulations of the Securities and Exchange Commission with the Commission, for the registration of 35,000 shares of common or equitable shares owned by the Chairman of its Board of Directors and Treasurer. No notice of deficiency with respect to the registration statement was served on petitioner within ten days after the filing of it, hence the statement became effective under the terms of the Act (section 8, 15 U.S.C.A. § 77h) on March 20. On March 21, petitioner received a telegraphic communication from the Commission to the effect that it appeared that the registration statement included untrue statements of material facts and ómitted to state material facts required to be stated, and that opportunity for hearing would be given at the office of the Commission in Washington, April 5. Subsequently the hearing was transferred to Chicago and continued from time to time until April 19, when it was held, and over 1000 pages of testimony taken. The Commission then ordered that further hearings be held in Washington. Prior to the commencement of the hearing on April 19, petitioner and its officers were served

with subpoenas duces tecum with which they complied, making available to the Commission their books, records and other data, the return of which they requested on April 30 at the close of the hearings in Chicago. However, the Commission retained all the material for copying, over the objection of petitioner who urged its need of its records, and on May 9, filed a motion for the return of the books, records and data. On May 2, a bill for a receiver was filed in the Circuit Court of Cook County, and petitioner states that it is in need of the records for proper preparation of this case, as well as for the hearing before the Commission. On May 19, petitioner filed its request for withdrawal of its registration statement and was notified that the application for withdrawal should be amended to disclose reasons for the request, and that a hearing would be had on May 24, at which it would be expected to adduce evidence bearing on the question as to whether any securities had been sold under the statement. Petitioner filed its amended request and appeared with the evidence requested before the Commission, and showed that its reason for wishing to withdraw the statement was the filing of the bill for a receiver, and the uncertainty of political conditions in Mexico where much of its property is located, as a result of which the market price for the securities had depreciated from $11 to $1.75 to $2.50 a share, hence the registrant no longer wished to offer for sale the securities as to which it had filed its registration statement. On May 25, the Commission entered the following order:

"It Is Ordered that the amended motion for leave to withdraw filed by Resources Corporation International on May 23, 1938, be and the same hereby is denied without prejudice to renewal of said motion at the conclusion of the hearing now pending with respect to said registration statement pursuant to Section 8(d) of the Securities Act of 1933."

It is this order that the petitioner seeks to have reviewed by this court. It bases its right to the review on section 9(a) of the Act, 15 U.S.C.A. § 77i(a):

"Any person aggrieved by an order of the Commission may obtain a review of such order in the Circuit Court of Appeals * * * by filing in such court, within sixty days after the entry of such order, a written petition praying that the order * * * be modified or be set aside in whole or in part. * * *"

The regulation of the Commission upon which its denial of leave to withdraw was based is as follows:

"Any registration statement or any amendments thereto may be withdrawn upon the application of the registrant, if the Commission, finding such withdrawal consistent with the public interest and the protection of investors, consents thereto. The application for such consent shall be signed by the registrant and shall state fully the grounds upon which made. The fee paid upon the filing of the registration statement will not be returned to the registrant. The papers comprising the registration statement or amendments thereto shall not be removed from the files of the Commission, but shall be plainly marked with the date of the giving of such consent and in the following manner:

" 'Withdrawn upon request of the registrant, the Commission consenting thereto.' "

Precisely the same question as is here presented was presented to the Circuit Court of Appeals for the Second Circuit in Jones v. Securities and Exchange Comm., 79 F.2d 617. The court there held that an interlocutory order of the Securities and Exchange Commission refusing permission to withdraw a registration statement was not within the purview of section 9, and that that section did not confer jurisdiction upon the court to review such an order. It therefore dismissed the petition to review the order. The Supreme Court denied certiorari from this decision (297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993), and subsequently cited it in Federal Power Commission v. Metropolitan Edison Co. et al., 58 S.Ct. 963, 82 L.Ed. ——, decided May 23, 1938, as authority for its statement that " * * * it has been held that mere preliminary or procedural orders are not within the statutes providing for review by the Circuit Court of Appeals."

Petitioner relies upon Jones v. Securities Commission, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. 1015, where the Court held that a registrant has an unqualified right to withdraw a registration statement prior to its effective date; that such effective date was effectually suspended by the official challenge of a stop order proceeding such as is here involved; and that since a registrant may withdraw his statement, the

Commission has no discretion to deny him the exercise of that right. The question of the right to withdraw in that case, however, was presented by appeal from the order of the Court of Appeals affirming an order of the District Court directing the registrant to submit to examination pursuant to subpoena issued by the Securities and Exchange Commission.

It is clear that our jurisdiction over this cause, if any, arises out of the petition to review the order of the Commission. Since we hold, on the authority of Jones v. Securities and Exchange Comm., 2 Cir., 79 F.2d 617, that that order is not a reviewable one, our jurisdiction over the cause fails, and other relief, incidental to the petition for review, must likewise fail. The petition for review is, therefore, dismissed, and the order restraining the Commission from proceeding with further hearings, directing it to show cause, and to certify to this court the record of its proceedings, is vacated.