## HELLIWELL et al. v. HABERMAN.

### No. 240.

Circuit Court of Appeals, Second Circuit.

Feb. 15, 1944.

Thomas Jefferson Ryan, of New York City, for appellants.

Sydney B. Levy, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

PER CURIAM.

This appeal comes before us in such a form that we cannot dispose of it with any certainty that we are not exceeding the limitations upon our jurisdic-

tion. Preliminarily, the only parts of the testimony which the record contains are in all probability not those upon which the parties expect the appeal to be decided. The appellants designated certain pages of the testimony as those to be included. Rule 75(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The appellee designated nothing on his part, and upon the record made up of the appellants' designated pages alone we should probably be obliged to reverse the order on the merits. Possibly the appellee was not aware that he must make a designation; in any event he has argued the case as though the whole testimony was before us. Nor did the appellants themselves comply with the rule; they should have physically separated, and made part of the record, those pages which they had designated and no more. Rule 75(b). They did not do this; they have sent up the whole 300 pages of testimony, expecting us—we assume—to pick out the designated parts from the rest. This we decline to do; and we should in no case have considered the merits until the record had been properly prepared.

 However, we could not have proceeded, even if it had been so prepared, owing to the absence of any findings by the referee. Since there appears to be some confusion as to the office of these, an explanation may be useful. We have only two functions upon an appeal under § 24 of the Bankruptcy Act, 11 U.S.C.A. § 47; we may correct errors of law, and reverse a referee's findings of fact when "clearly erroneous." Rule 53(e) (2). Unless, however, the record tells us what facts the referee has found, it is impossible for us to know what rules of law he has followed. Nor can we decide whether the findings are "clearly erroneous" until we know what facts they include. The case at bar is a good instance of our resulting embarrassment. We infer that the referee did not feel himself bound by the Administrator's definitions (§ 541.1 Chapter V, Title 29, Code of Federal Regulations), promulgated under the power granted him by § 213(a) (1) of Title 29 U.S.C.A.; certainly he did not feel so as to all they prescribe. On the other hand we agree with the decision of the Tenth Circuit in Walling v. Yeakley, 140 F.2d 830, that they have the force of law as much as though they were written in the statute. It follows that before an employee may be denied the right to payment for over-

time, all six of the conditions must be fulfilled, for they are all in the conjunctive. Moreover, the employer has the burden of proof upon that issue, for they constitute an exemption from his statutory duty. So much granted, it becomes plain why we cannot decide the appeal upon the record before us. We cannot find out what decision the referee reached from the evidence as to those facts which make up the six conditions. We should have to decide for ourselves from the evidence whether we thought that the trustee had proved them to exist; and that would not only deprive the suitors of the advantage of the referee's observation of the witnesses, but would impose upon us a duty which we are not qualified to discharge, and which the law does not mean us to undertake.

The order must therefore be reversed and the cause remanded to the referee with instructions to make the necessary findings and enter the appropriate order. When that is done, any appeal will again go to the district court and from its order to us.

Order reversed; cause remanded.