**FANELLI v. UNITED STATES GYPSUM CO.**

**No. 245.**

Circuit Court of Appeals, Second Circuit.

Feb. 17, 1944.

Cravath, De Gersdorff, Swaine & Wood, of New York City (Scott, MacLeish & Falk and Charles M. Price, all of Chicago, Ill., and George S. Collins, of New York City, of counsel), for appellant.

Meyer Lindenbaum, of New York City (Samuel Mezansky, of New York City, of counsel), for appellee.

Douglas B. Maggs, Sol., Bessie Margolin, Asst. Sol., John K. Carroll, Regional Atty., Peter Seitz and Flora G. Chudson, for United States Department of Labor, all of Washington, D. C., amicus curiae.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. A month after his discharge, plaintiff made a one-sheet memorandum which, he testified, set forth the details of his overtime work from the beginning of his employment to the date of that discharge, a period of about five months. Over defendant's objection, the trial judge permitted plaintiff, when testifying, to use this memorandum to refresh his recollection. Defendant, asserting error, relies on Putnam v. United States, 162 U.S. 687, 16 S. Ct. 923, 40 L.Ed. 1118, where the court held it reversible error to allow a witness for the government in a criminal trial to use similarly, in testifying as to certain conversations, a transcript of his testimony before a grand jury, concerning those conversations, given four months after they had occurred. The court based that ruling on the theory that it is dangerous to trust to the accuracy of memory stimulated by a record made when the facts were not "fresh in the mind."

That theory has little to commend it. Common experience, the work of Proust and other keenly observant literary men, and recondite psychological research, all teach us that memory of things long past can be accurately restored in all sorts of ways. The creaking of a hinge, the whistling of a tune, the smell of seaweed, the sight of an old photograph, the taste of nutmeg, the touch of a piece of canvas, may bring vividly to the foreground a consciousness the recollection of events that happened years ago and which would otherwise have been forgotten. If a recollection thus reawakened be then set down on paper, why should not that paper properly serve in the courtroom, as it does in everyday life, to prod the memory at still a later date? The memory-prodder may itself lack meaning to other persons as a symbol of the past event, as everyone knows who has ever used a knot in his handkerchief as a reminder. Since the workings of the human memory still remain a major mystery after centuries of study, courts should hesitate before they glibly contrive dogmatic rules concerning the reliability of the ways of provoking it.

■ Fortunately, the Putnam case, severely criticized by Wigmore,[1] has recently had most of its teeth extracted by United States v. Socony-Vacuum Oil Company,

[1] Evidence, 3d ed. § 761.

310 U.S. 150, 235, 236, 60 S.Ct. 811, 84 L. Ed. 1129. There the Supreme Court, referring to Putnam and citing Wigmore's adverse comments, said that no inflexible four-months' rule exists as to such recollection-refreshing memoranda, and went at least as far as to hold that in each case the trial judge has a reasonable discretion to allow the use of such a document if satisfied that the interval between its making and the occurrence of the facts are not excessive.[2] The trial judge here did not abuse his discretion—particularly as plaintiff was able to, and did, testify, independently of the memorandum, as to the minimum number of hours of his overtime work; the trial judge instructed the jury that the memorandum was not to be considered as "an original document * * * indicative of the fact that he worked overtime," did not "verify" plaintiff's testimony "in any way" and did not "make his testimony any stronger"; and the trial judge admonished the jury in his final charge that "there is no document to prove the statement" of the plaintiff.

■ 2. Section 13(a) explicitly authorizes the Administrator to "define and delimit," by regulations, the terms used in that section. As his regulations are reasonable, they are as binding on the courts as if they had been directly enacted by Congress.[3] In conferring such authority upon the Administrator, Congress acted in accordance with a long established tradition (frequently sanctioned by the Supreme Court), and did not unconstitutionally delegate powers vested in the legislative branch. The statutory standards here are far more precise than many which the Supreme Court has held sufficient; the delegation is unmistakably within the scope of rulings made by the Supreme Court over the course of many years.[4] The trial judge therefore properly refused to instruct the jury that it could disregard the regulations.

■ 3. The trial judge also correctly refused to instruct the jury that, "as a matter of law," the plaintiff was employed in a bona fide executive or administrative capacity.

Plaintiff did not come within the exception provided in § 13(a) unless all six clauses of the regulation applied to him, since those clauses are conjunctive not disjunctive.[5] As to two of them, Clauses (C) and (D), the evidence was not so unequivocal that the trial judge could properly have held that there were not questions of "fact" for the jury.

Affirmed.

---

[2] In the Socony-Vacuum case, much of the matter used to refresh recollection consisted of transcripts of grand jury testimony given more than a year after the facts to which that testimony related.

[3] Helliwell v. Haberman, 2 Cir., 140 F. 2d 833; Walling v. Yeakley, 10 Cir., 140 F.2d 830; cf. Knight v. Mantel, 8 Cir., 135 F.2d 514, 517.

Because of his express authority to make them, the Administrator's definitions have a greater dignity than ordinary administrative interpretations. Even such interpretations are entitled to great weight; see, e. g., Gray v. Powell, 314 U. S. 402, 411–413, 62 S.Ct. 326, 86 L.Ed. 301.

[4] Wayman v. Southard, 10 Wheat. 1, 43, 6 L.Ed. 253; Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294; Buttfield v. Stranahan, 192 U.S. 470, 24 S.Ct. 349, 48 L.Ed. 525; Union Bridge Co. v. United States, 204 U.S. 364, 27 S.Ct. 367, 51 L.Ed. 523; United States v. Grimaud, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563; I. C. C. v. Goodrich Transit Co., 224 U. S. 194, 32 S.Ct. 436, 56 L.Ed. 729; Avent v. United States, 266 U.S. 127, 130, 131, 45 S.Ct. 34, 69 L.Ed. 202; Hampton v. United States, 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624; Arizona Grocery Co. v. Acheson, Topeka & Santa Fe Ry., 284 U.S. 370, 386, 52 S.Ct. 183, 76 L.Ed. 348; United States v. Shreveport Grain & Elevator Co., 287 U.S. 77, 85, 53 S. Ct. 42, 77 L.Ed. 175; Panama Refining Co. v. Ryan, 293 U.S. 388, 426–430, 55 S.Ct. 241, 79 L.Ed. 246; Currin v. Wallace, 306 U.S. 1, 15, 59 S.Ct. 379, 83 L. Ed. 441; United States v. Rock Royal Co-op., Inc., 307 U.S. 533, 574, 59 S. Ct. 993, 83 L.Ed. 1446; Sunshine Coal Co. v. Adkins, 310 U.S. 381, 398, 60 S.Ct. 907, 84 L.Ed. 1263; National Broadcasting Co. v. United States, 319 U.S. 190, 225, 226, 63 S.Ct. 997, 87 L.Ed. 1344; United States v. Goldsmith, 2 Cir., 91 F. 2d 983, 985, certiorari denied 302 U.S. 718, 58 S.Ct. 38, 82 L.Ed. 555.

[5] Helliwell v. Haberman, supra.