WALLING, Adm'r, Wage and Hour Division, U. S. Department of Labor, v. ST. MARYS SEWER PIPE CO.

Civil Action No. 2724.

District Court, W. D. Pennsylvania.

Aug. 28, 1944.

New Trial Denied Nov. 2, 1944.

See 57 F.Supp. 573.

Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., and Ernest N. Votaw, Regional Atty., and Morris Hoffman, Atty., both of Philadelphia, Pa., for plaintiff.

Arnold & Chaplin, of Clearfield, Pa., for defendant.

GIBSON, District Judge.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Plaintiff is the duly appointed and qualified Administrator of the Wage and Hour Division, United States Department of Labor.

2. Defendant is a Pennsylvania corporation, having its principal offices and plant in St. Marys, Pennsylvania, within the jurisdiction of this court.

3. Defendant is engaged in the manufacture of sewer pipes, flue linings and clay products, which it distributes in interstate commerce.

4. The kiln foremen involved, Walter Bankovich and Martin Oskorus, each normally worked 12 hours daily, seven days a week, from October 24, 1938, until the date of trial.

5. Neither Bankovich nor Oskorus received any additional compensation for hours worked in excess of 44 in work weeks during the year beginning October 24, 1938; and in excess of 42 in work weeks during the year beginning October 24, 1939, and for hours in excess of 40 since October 24, 1940 to date of trial.

6. Bankovich and Oskorus were compensated at a rate in excess of $30 per week.

7. Defendant maintained no record of hours worked by Bankovich and Oskorus.

8. Bankovich and Oskorus were required to labor manually, salting and firing the kilns.

9. This manual labor was of the same nature as that performed by non-exempt employees.

10. A normal work week at defendant's plant is 40 hours at the present time.

11. Bankovich's and Oskorus' hours of work of the same nature as that performed by non-exempt employees exceeded 20% of the number of hours worked in the work week by the non-exempt employees under their direction.

12. Bankovich and Oskorus were not in sole charge of an independent establishment or a physically separated branch establishment.

13. Bankovich and Oskorus did not regularly exercise discretionary powers, except in regard to routine matters.

14. Bankovich and Oskorus were employed in the production of goods for interstate commerce.

### Conclusions of Law

I. Bankovich and Oskorus are not bona fide executives within the meaning of the term as defined and delimited by the Administrator. Rules and Regulations, 29 U. S.C.A. Appendix, Section 541.1.

II. Bankovich and Oskorus do not come within an exemption of the Act.

III. Defendant has failed to pay overtime wages to Bankovich and Oskorus, as required by the Labor Standards Act.

IV. Plaintiff is entitled to the issuance of an injunction, restraining defendant from further violations of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Act.

### Discussion

The complainant, Administrator of the Wage and Hour Division of the Department of Labor, after alleging violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., prayed relief as follows:

"Wherefore, cause having been shown, plaintiff demands judgment permanently enjoining and restraining defendant, its officers, agents, servants, employees, and attorneys, and all persons acting or claiming to act in its behalf and interest, from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Act, and such other and further relief as may be necessary and appropriate."

The controversy in the instant case centered about the employment of two head kiln-burners employed by the defendant. These men worked regularly twelve hours per day, and had never been paid for any overtime. The complainant alleged that these head kiln-burners came within the maximum hours provisions of the Fair Labor Standards Act, and that the defendant had violated the Act by their employment without payment of overtime. On the other hand the defendant contended that these employees were bona fide executives of the defendant and exempt under the provisions of section 13 of the Act from its overtime provisions.

■ Pursuant to the authority conferred by the Fair Labor Standards Act the Wage and Hour Administrator has defined by regulation the limits of the term "bona fide executive" as generally set forth in Section 13 of the Act. In his regulation the Administrator has fairly prescribed the limits of the exemption, and his regulation has the force of law. Walling v. Yeakley, 10 Cir., 140 F.2d 830; Helliwell v. Haberman, 2 Cir., 140 F.2d 833.

The regulations being in the conjunctive, to qualify as an executive an employee must meet the requirements of all six of the regulations.

The regulations provide that the term "employee employed in a bona fide executive * * * capacity" in Section 13(a) (1) of the Act shall mean any employee—

"(A) whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, * * *."

■ It is beyond contention that the head kiln-burners of the defendant performed duties of considerable importance in the manufacture of defendant's product. Each was required, after the unbaked pipe had been placed in the kilns by other employees of defendant, to see that heat was applied at properly regulated intervals and amounts, that a proper stage had been reached for glazing the pipes, and that the heat was in turn reduced in determined amounts at regularly fixed intervals. These duties could not be performed by persons without considerable experience, but nevertheless leave the head kiln-burners short of the requirements of the regulation quoted supra. While they had powers of direction over three or four ordinary burners, and more responsibility than ordinary burners, they still were foremen rather than managers "of a customarily recognized department or subdivision" of the defendant company. Their respective functions in the company were largely directed by other officers of the Company. They were under the general direction of the yard foreman. Other officers prescribed the degrees of heat and determined which pipes should be handled. There had been small change in the minor burners employed during recent years, but the head burners had not been consulted in any change made. While they exercised some discretion in their work, it was only in seeing that the rules for heating the pipe, prescribed by others, were obeyed.

The head burners, whether actually required to do so or not, actually worked with the other burners in heating the furnaces and in addition generally had in-

dividual charge of the glazing operation occurring while each was on duty. No definite records were kept by the company but it is apparent that the head burners actually worked more than 20% of the number of hours worked by other burners.

After giving the matter due consideration the court is of opinion that the defendant company has failed to bear the burden upon it of establishing that the head burners were exempt employees under the Fair Labor Standards Act. Therefore the injunction prayed will be allowed.