## KREEFT v. R. W. BATES PIECE DYE WORKS, Inc.

District Court, S. D. New York.
Jan. 11, 1945.

Alexander B. Klotz, of New York City (Martin Siegelbaum, Morris Rosenzweig, and Alexander B. Klotz, all of New York City, of counsel), for plaintiff.

Samuel Miller, of New York City, for defendant.

### MANDELBAUM, District Judge.

The plaintiff, a former employee of the defendant, sues under the Fair Labor Standards Act to recover for overtime work, in excess of the maximum work week allowed by law, between the years 1938 and 1942 for some 1,446 hours, amounting to $2480.03.

The defendant does not dispute that it is engaged in interstate commerce and is subject to it, but claims that the plaintiff is not covered by the act, namely, that the plaintiff was acting in the capacity of a bona fide executive while in its employ and therefore is exempt from the coverage of the act.

■ The Fair Labor Standards Act of 1938, § 13(a) (1), 29 U.S.C.A. § 213(a) (1) excludes from the coverage of the act "any employee employed in a bona fide executive * * * capacity." The Wage and Hour Administrator has defined "bona fide executive" in accordance with the statutory mandate. In order to come within the exception to the statute, the employee's status must conform to all of the requirements of that definition. Fanelli v. United States Gypsum Co., 2 Cir., 141 F.2d 216, 218.

■ The defendant did not adduce evidence sufficient to justify an inference that the plaintiff was a bona fide executive employee within the meaning of the Act.

Sec. 7(a) (3) of the Act, 29 U.S.C.A. § 207(a) (3), requires payment to the employee for overtime of "not less than one and one-half times the regular rate at which he is employed." The determination of what constitutes "regular rate" may be arrived at by reference to the employment contract. Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682.

■ Plaintiff's uncontradicted testimony on this point was that he was hired to work five days a week, eight hours a day, that is 40 hours per week. The court finds as a fact that such was the contract of employment. The formula to be applied in this situation is simple. The "regular rate" per hour is the quotient of the weekly wage divided by the number of hours plaintiff was to work under the employment contract. The rate to be paid for overtime is one and one-half times the "regular rate" per hour.

■ The defendant contends that to determine the "regular rate" for any week, the divisor should be the actual number of hours worked that week and he cites the Missel case, supra, to support his contention. In the Missel case, the contract was for a fixed weekly wage and variable or fluctuating hours of work. In that case, the court pointed out that where the employment contract is for a fixed weekly wage for regular contract hours—as in the instant case— the formula should be as the court here has pointed out.

Plaintiff is entitled to judgment for $2,480.03 as overtime wages, plus an equal amount for liquidated damages with interest.

Counsel fees of $400 is allowed.

### Findings of Fact

1. The plaintiff was an employee of the defendant engaged in its behalf in the handling of commodities which moved in interstate commerce and worked the hours recited in plaintiff's Exhibit "4" during the period in question.

2. Plaintiff was not a bona fide executive.

3. Plaintiff's employment contract with the defendant was for a basic 40 hour week.

### Conclusions of Law

1. Plaintiff was within the coverage of the Act.

2. The formula for computation of the "regular rate" at which plaintiff was employed should be based on a 40 hour week.

3. Plaintiff is entitled to judgment for unpaid overtime, liquidated damages, interest and attorneys fees.