BETTY FLEISCHMAN, Plaintiff, and LEO LEVEY, Appellant, *v.* NAN BUNTLY, INC., Respondent.

*Per Curiam.* Although both plaintiffs moved to dismiss the second affirmative defense, it is conceded that the appeal before us relates only to plaintiff, Leo Levey, one of defendant's employees, suing defendant, employer, for overtime wages pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*).

In addition to denials, defendant alleged as a second defense that plaintiff, Levey, had made a claim for unemployment insurance benefits with the Department of Labor of the State of New York; that the claim was denied because Levey had left employment without good cause; that such denial was affirmed by a referee of the Department of Labor; that testimony was taken under oath of Levey, his witness and "representatives of the employer"; that the decision of the unemployment insurance referee sustained the prior initial determination of the Department of Labor, and found that Levey was employed in an executive capacity; and that the referee's decision is *res judicata* as to defendant's liability on Levey's present claim for overtime wages.

Assuming, without deciding, that the proceedings before the New York State Department of Labor were authorized quasi-judicial proceedings, we think the determination reached therein is not *res judicata* in this action under the Fair Labor Standards Act.

That act, as implemented by the rules and regulations, *inter alia*, sets forth six tests of executive capacity specifically referred to (Act, § 13; U. S. Code, tit. 29, § 213; Regulations of U. S. Dept. of Labor, § 541.1; Code of Fed. Reg. [1949 ed.], tit. 29); the burden of proving an exemption is on the employer who must affirmatively establish that the employee was an "executive" if that is the employer's defense (*Fanelli* v. *United States Gypsum Co.*, 141 F. 2d 216; *McComb* v. *Utica Knitting Co.*, 164 F. 2d 670; *Kupperman* v. *M. & J. Becker, Inc.*, 198 F. 2d 765). It is not sufficiently clear that such issues or burden of proof thereon existed in the proceedings before the Labor Board.

The parties, the issues, subject matter and burden of proof appear to be different, and, accordingly, we think Special Term erred in denying plaintiffs' motion to dismiss defendant's second affirmative defense of *res judicata*.

The order appealed from should be reversed and the motion to strike the second affirmative defense of *res judicata* should be granted, with costs to plaintiff-appellant.

Dore, J. P., Cohn, Callahan, Van Voorhis and Breitel, JJ., concur.

Order unanimously reversed, with costs to the appellant, and the motion to strike the second affirmative defense of *res judicata* granted.