

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 29, 1971

Honorable Wilson E. Speir
Director
Texas Department of Public Safety
P. O. Box 4087, North Austin Station
Austin, Texas 78751

Opinion No. M- 896

Re: Whether regulations adopted
by the Department of Public
Safety pursuant to Section 82
of S. B. 183, 62nd Leg., R. S.
1971, can be enforced by the
penalty provisions therein
provided.

Dear Mr. Speir:

By a recent letter you have requested an opinion from this office in
regard to the above stated matter. We quote from your letter as follows:

> "This section provides that the Director of the Texas
> Department of Public Safety '...adopt such regulations
> as may be deemed necessary for the safe transportation
> of hazardous material. ' In Section (e) a fine of $200.00
> is set as punishment for violating these regulations.
>
> "We would appreciate your opinion as to whether these
> regulations adopted as set out in and required by the
> statute could be enforced by the penalty provided by the
> statute. "

Section 82 of Senate Bill 183 amends Section 139 of Article 6701d, Vernon's
Civil Statutes.

Case authority upholds the proposition that the Legislature, after de-
claring a policy and fixing a primary standard, can delegate to an admin-
istrative agency the authority to prescribe duties or ascertain conditions
upon which existing law may operate to impose a criminal penalty. Tuttle
v. Wood, 35 S. W. 2d 1061 (Tex. Civ. App. 1930, error ref. ) The principle

-4362-

was clearly stated in <u>Williams v. State,</u> 176 S.W. 2d 177 (Tex. Crim. 1943), wherein the court said:

"The question of this delegation of authority has been much before the courts, and especially is that true in recent years by the enlarged powers conferred upon administrative boards and tribunals. The generally accepted rule governing such matters now appears to be that <u>a legislative body may, after declaring a policy and fixing a primary standard, confer upon executive or administrative officers the power to fill up the details, by prescribing rules and regulations to promote the purpose and spirit of the legislation and to carry it into effect. In such cases, the action of the Legislature in giving such rules and regulations the force of laws does not violate the constitutional inhibition against delegating the legislative function.</u> The rule finds support in Field (Marchall) v. Clark, 143 U.S. 649, 12 S.Ct. 495, 505, 36 L.Ed. 294, wherein the Supreme Court said 'The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must therefore be a subject of inquiry and determination outside of the halls of legislation.' ..." (Numerous authorities omitted)(Emphasis added)(At page 183).

The Legislature, in Section 82 of Senate Bill 183, has fulfilled all the requirements for the delegation of the power to make rules and regulations to enforce criminal sanctions to an administrative agency. The statute declares a policy regulating the transporting of hazardous materials, and fixes a primary standard by stating in Subdivision (a):

"... Such regulations shall duplicate or be consistent with current hazardous material regulations of the United States Department of Transportation. ..."

Subdivision (b) of the statute declares that:

> "Any person operating a vehicle transporting any hazardous
> materials as a cargo or part of a cargo upon a highway shall
> at all times comply with regulations of the Department of
> Public Safety adopted pursuant to the provisions of this
> section. Subdivision (e) declares that any person convicted
> of violating a regulation adopted pursuant to this section shall
> be punished by a fine of not more than Two Hundred Dollars
> ($200.00)."

Thus, the State statute adopts by reference such federal regulations, and such a reference statute is upheld as valid and as effectual as if the matter adopted were set out in the statute. 53 Tex. Jur. 2d 136, Statutes, Sec. 90; 82 C. J. S. 123-124, Statutes, Sec. 70b. The statute further requires the Director of the Department of Public Safety to make rules and regulations "... as may be deemed necessary for the safe transportation of hazardous materials. ..."

The United States Department of Transportation regulations referred to are published and available to the public. They may be found in the Code of Federal Regulations and are cited as Title 49, Subtitle B, Chapt. 1, C. F. R., "Hazardous Materials Regulations Board, Department of Transportation." These further evidence a primary standard or guide of requiring the administrative agency to make a determination or finding of those materials which would be unsafe or hazardous when transported from the standpoint of the public interest. Such a standard appears sufficient in law.

It is stated in 42 American Jurisprudence at pages 345-347, Section 45, Public Administrative Law:

> "... The rule requiring an express standard to guide discretion is recognized as properly applied to statutes or ordinances regulating lawful activity, but to be subject to the exception that where it is impracticable to lay down a definite comprehensive rule, such as where the regulation turns upon the question of personal fitness or where the act relates to the administration of a police regulation and is necessary to protect the general welfare, morals, and safety of the public, it is not essential that a specific prescribed standard be expressed.

> The courts will infer that the standard of reasonableness
> is to be applied where it can take its meaning from the
> expressed policy of the statute... A requirement that an
> act shall be 'in the public interest' has been held to be a
> sufficient criterion and standard where the subject matter
> of the statutes renders this an intelligible and not
> limitless criterion..."

In accord, Avent v. United States, 266 U.S. 127 (1924), upholding a standard of "in the interest of the public and of commerce"; Federal Radio Commission v. Nelson Bros. Bond & Mortg. Co., 289 U.S. 266 (1933), upholding a standard of "as public convenience, interest or necessity requires"; Red 'C" Oil Mfg. Co. v. Board of Agriculture, 222 U.S. 380 (1911), upholding a standard in an Oil Inspection Act of "safe, pure, and afford a satisfactory light." For Texas cases, see Jordan v. State Board of Ins., 160 Tex. 506, 334 S.W.2d 278, and numerous authorities there cited.

In Ex Parte Smith, 441 S.W.2d 544 (Tex. Crim. 1969), a habeas corpus proceeding, Smith sought relief solely on the ground that Article 6701c-3, Vernon's Civil Statutes, was unconstitutional on several grounds, two of which were: first, that the statute was too vague and indefinite, and second,

> "...because the legislature has by said statute improperly
> delegated legislative authority to the Texas Department of
> Public Safety; ..."

Section 2 of that Article required that all persons riding a motorcycle should wear protective headgear "...which has been approved by the Department of Public Safety, ..."; Section 7 provided that a violation of the Article was a misdemeanor punishable by a fine. Section 3 related to "Minimum safety standards for protective headgear" and reads:

> 'The department shall prescribe minimum safety standards
> for protective headgear used by motorcyclists in this state
> in order to provide for the safety and welfare of motorcycle
> operators and passengers. The department may adopt all or
> any part of the standards of the United States of America
> Standards Institute for protective headgear for vehicular
> users." (Emphasis added.)

In upholding the constitutionality of the statute, the Court held:

"The delegation of authority by the legislature to the
Department of Public Safety to promulgate rules and
regulations capable of reasonable application which
are necessary to carry out the purpose of the act
does not render the statute void."

We also observe that the Act in question is similar to Article 6701c-3,
Section 3, Vernon's Civil Statutes, which gives the Department of Public
Safety the authority to "... prescribe the minimum safety standards for
protective headgear used by motorcyclists. ..." Section 2 of Article
6701c-3 states that "... no person may operate a motorcycle on a public
street or highway ... unless he wears protective headgear which has
been approved by the Department of Public Safety, ..." and Section 7
states that anyone who violates Section 2 "... is guilty of a misdemeanor
and upon conviction is punishable by a fine of not less than $10 nor more
than $50."

In view of the fact that the primary standard established by Article
6701c-3 is less specific than the standard set out by the Legislature in
Section 82 of Senate Bill 183, the grant of authority to the Department of
Public Safety to adopt rules and regulations consistent with the primary
standard established in Section 82 of Senate Bill 183 is a constitutional
delegation of legislative authority.

In view of the foregoing, it is our opinion that those regulations adopted
by the Department of Public Safety pursuant to Senate Bill 183, Section 82,
62nd Legislature, Regular Session, 1971, which are consistent with the
safety standards prescribed by the current hazardous materials regulations
of the United States Department of Transportation, can be enforced by the
criminal penalty provisions provided therein.

## SUMMARY

Those regulations adopted by the Director of the Texas Depart-
ment of Public Safety pursuant to Section 82 of Senate Bill 183,
62nd Legislature, Regular Session, 1971, (Article 6701d, Sec.
139, V. C. S.), which are consistent with the safety standards
prescribed by the United States Department of Transportation

Regulations for current hazardous materials can be enforced by the criminal penalty provisions provided therein. The Legislature has validly delegated to the Texas Department of Public Safety the authority to prescribe duties and ascertain conditions upon which the statute may operate to impose a criminal penalty.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Thomas F. Sedberry
Assistant Attorney General

APPROVED:

OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James M. Mabry
John Reeves
Fisher Tyler
R. D. Green

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant