## McKINLEY ET AL. *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 417.    Submitted March 3, 1919.—Decided April 14, 1919.

Congress, under the authority to raise and support armies, may make rules and regulations to protect the health and welfare of the men composing them against the evils of prostitution, and may leave the details of such regulations to the Secretary of War.

Conviction sustained, for setting up a house of ill fame within five miles of a military station, the distance designated by the Secretary of War, under the Act of May 18, 1917, c. 15, § 13, 40 Stat. 76. Affirmed.

THE case is stated in the opinion.

*Mr. R. Douglas Feagin* for plaintiffs in error. *Mr. Oliver C. Hancock* was on the brief.

*Mr. Assistant Attorney General Porter* and *Mr. W. C. Herron* for the United States.

Memorandum opinion by direction of the court, by
MR. JUSTICE DAY.

Plaintiffs in error were indicted, convicted, and sen-
tenced upon an indictment in the District Court of the
United States for the Southern District of Georgia for
violation of a regulation of the Secretary of War made
under the authority of the Act of Congress of May 18,
1917, c. 15, § 13, 40 Stat. 76, 83. This statute provides:
"The Secretary of War is hereby authorized, em-
powered, and directed during the present war to do
everything by him deemed necessary to suppress and
prevent the keeping or setting up of houses of ill fame,
brothels, or bawdy houses within such distance as he
may deem needful of any military camp, station, fort,
post, cantonment, training, or mobilization place, and
any person, corporation, partnership, or association
receiving or permitting to be received for immoral pur-
poses any person into any place, structure, or building
used for the purpose of lewdness, assignation, or pros-
titution within such distance of said places as may be
designated, or shall permit any such person to remain for
immoral purposes in any such place, structure, or building
as aforesaid, or who shall violate any order, rule, or
regulation issued to carry out the object and purpose of
this section shall, unless otherwise punishable under the
Articles of War, be deemed guilty of a misdemeanor and
be punished by a fine of not more than $1,000, or im-
prisonment for not more than twelve months, or both."
Plaintiffs in error contend that Congress has no con-
stitutional authority to pass this act. The indictment
charged that the plaintiffs in error did unlawfully keep
and set up a house of ill fame within the distance desig-
nated by the Secretary of War, under the authority of
the act of Congress, to-wit, within five miles of a certain
military station of the United States.

That Congress has the authority to raise and support armies and to make rules and regulations for the protection of the health and welfare of those composing them, is too well settled to require more than the statement of the proposition. *Selective Draft Law Cases,* 245 U. S. 366.

Congress having adopted restrictions designed to guard and promote the health and efficiency of the men composing the army, in a matter so obvious as that embodied in the statute under consideration, may leave details to the regulation of the head of an executive department, and punish those who violate the restrictions. This is also well settled by the repeated decisions of this court. *Buttfield* v. *Stranahan,* 192 U. S. 470; *Union Bridge Co.* v. *United States,* 204 U. S. 364; *United States* v. *Grimaud,* 220 U. S. 506.

The judgment of the District Court is

*Affirmed.*