70

Elwin N. Edwards, of Mineola, N. Y., and Louis J. Castellano, of Brooklyn, N. Y. (Louis J. Castellano, of Brooklyn, N. Y., and David V. Cahill, of New York City, of counsel), for appellants.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith and Albert V. DeMeo, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appellants attack the judgment of conviction upon three grounds, none of which has sufficient merits to require extended discussion. They urge (1) that the provisions of the Second War Power Act of 1942, pursuant to which Ration Order 5C purports to be issued, amount to an unconstitutional delegation of power; (2) that the Ration Order is invalid because not supported by appropriate findings of fact; and (3) that the indictment is insufficient to charge an offense against the United States.

■ (1) Subsection (a) (2) of section 2 of Act June 28, 1940, as amended by Second War Powers Act of 1942, § 301, section 633, 50 U.S.C.A.Appendix, provides that whenever the President "is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense * * *", he may allocate such material or facilities in such manner as "he shall deem necessary or appropriate in the public interest and to promote the national defense." Other provisions authorize the President to obtain such information, require such reports and make such investigations as he may in his discretion think necessary or appropriate to the enforcement or administration of the subsection and to exercise his powers and discretion through subordinates. He did so through the Office of Price Administration. We entertain no doubt that the standard which the statute sets up is amply sufficient to meet the claim of invalid delegation. See McKinley v. United States, 249 U.S. 397, 399, 39 S.Ct. 324, 63 L.Ed. 668; Avent v. United States, 266 U.S. 127, 130, 45 S.Ct. 34, 69 L.Ed. 202.

■ (2) In the preamble to the Ration Order it is stated that "The limitation in the use of gasoline is not due to shortage of that commodity—it is wholly a measure of rubber saving." The appellants do not

urge that the use of gasoline might not legally be rationed in order to conserve the supply of rubber but contend that the absence of findings showing some relation between the shortage of rubber and the use of gasoline prevents the Ration Order from being a valid exercise of the rationing power. The contention is obviously unsound. That use of gasoline in motor vehicles involves wastage of rubber tires is self-evident. Moreover, the preamble from which we have already quoted states that "Gas rationing is the only way of saving rubber." The President had appointed a Special Committee to Study the Rubber Situation; and on the basis of its report the Ration Order was promulgated. This was sufficient; the statute does not limit the administrative fact-finding to any particular method.

(3) The indictment is criticized because it charges that the conspiracy began October 1, 1942 although the applicable portion of the Ration Order did not become effective until November 22, 1942. Such criticism is pointless since the conspiracy was charged to have continued until March 1943. See Bryant v. United States, 5 Cir., 257 F. 378, 386. How it can seriously be argued that a conspiracy to violate the Ration Order is not a criminal offense passes our comprehension. 50 U.S.C.A.Appendix § 633(5) imposes criminal penalties for violating orders made pursuant to section 2(a); 18 U.S.C.A. § 88 forbids conspiring to commit offenses against the United States.

Judgment affirmed.

Circuit Court of Appeals, Fourth Circuit.