## LEWIS v. UNITED STATES.
### No. 11873.

United States Court of Appeals
Ninth Circuit.

Oct. 8, 1948.

Earl V. Clifford, of Tacoma, Wash., for appellant.

J. Charles Dennis, U.S. Atty., of Seattle, Wash., and Harry Sager, Asst. U.S. Atty., of Tacoma, Wash., for appellee.

Before BONE and ORR, Circuit Judges, and McCORMICK, District Judge.

BONE, Circuit Judge.

Appellant was convicted on three counts of falsely procuring prescriptions for narcotics in violation of 26 U.S.C.A. § 3793. Count I charged:

"On or about December 5, 1946 at Longview, Washington, Hazel Edna Lewis procured to be falsely and fraudulently executed by Dr. J. A. Nelson a certain document required by the provisions of the Internal Revenue Laws and Regulations made in pursuance thereof, to-wit, a physician's prescription for narcotics. That said prescription was falsely executed in that it contained a false and fictitious address of the patient named therein."

Counts V and VIII, on which she was also convicted, were identical except as to the date, place and name of the physician. The offense charged was the violation of a regulation promulgated by the Commissioner of Narcotics and Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, which required that "all prescriptions for drugs * * * shall bear the full name and address of the patient." 26 C.F.R. 151, 168, adopted June 1, 1938. (Regulations No. 5, Art. 168)

A regulation enacted by an administrative body or official may be invalid at least in two ways, first, on constitutional grounds, and second, it may be without the scope of the Congressional authority conferred upon such body or its head. A constitutional issue is not presented here and we therefore examine the challenged regulation to determine whether it transcends the scope of the Secretary's authority under the applicable statutes. Congress in 26 U.S.C.A. § 2559 has empowered the Secretary of

the Treasury to make "all needful rules and regulations for carrying the provisions of this subchapter [§§ 2550-2565] and Part V of subchapter A of chapter 27 [§§ 3220-3228] into effect." Examination of the affected sections discloses that they pertain to taxes, order forms, records, statements, returns, and prescriptions involving narcotics, opium and cocoa leaves, their compounds and derivatives. It does no violence to sound reasoning to view a regulation requiring the name and address of a person on a prescription by which he obtains narcotics, as reasonable, proper, and "needful."

It has long been held that Congress may leave the formulation and details of regulations to the head of a department and punish those who violate the restrictions imposed by the regulations. McKinley et al. v. United States, 1919, 249 U.S. 397, 39 S. Ct. 324, 63 L.Ed. 668; United States v. Grimaud, 1911, 220 U.S. 506, 31 S.Ct. 480, 55 L.Ed. 563. Under the statutes involved in this case, the Secretary of the Treasury was authorized to confer his powers respecting regulations upon the Commissioner of Narcotics or the Commissioner of Internal Revenue. See 26 U.S.C.A. §§ 2559, 2606.

█ Section 3793 specifically makes the procuring of the false execution of a document "required by the provisions of the internal revenue laws [Title 26, U.S.C.A.], *or by any regulation made in pursuance thereof,*" (emphasis supplied), a crime. Thus if the regulation attacked was "needful" and made in pursuance of carrying the aforementioned provisions of the Act into effect, as we deem it to be, it has the effect of law, violation of which may be the subject of a criminal penalty. McKinley et al. v. United States and United States v. Grimaud, supra; United States v. Birdsall, 1913, 233 U.S. 223, 231, 34 S.Ct. 512, 58 L.Ed. 930; Yakus v. United States, 321 U.S. 414, 64 S. Ct. 660, 88 L.Ed. 834.

Appellant was charged with the procuring of a narcotic by the use of false documents. The end sought by this prosecution was not punishment of the addiction to its use. Revenue measures are often employed for the suppression of an illicit traffic. See United States v. Wong Sing, 1922, 260 U.S.

18, 43 S.Ct. 7, 67 L.Ed. 105. They have been held valid as revenue measures having substantial relation to the raising of revenue by bringing such traffic into the open, and reflect an incidental or secondary motive of Congress to suppress the harmful use of the drugs taxed. Hughes v. United States, 8 Cir., 1918, 253 F. 543, 545, certiorari denied, 1919, 249 U.S. 610, 39 S.Ct. 291, 63 L.Ed. 801; Nigro v. United States, 1927, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600; Casey v. United States, 1927, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632.

█ Appellant's final contention is that she is not a "person" within 26 U.S.C.A. § 3793 (b) (2) which provides:

"The term 'person' as used in this subsection includes an officer or employee of a corporation or a member or employee of a partnership, * * *."

It takes but little cognizance of the intendment and purposes of the Act to realize that the section is not *exclusive,* and an individual in the unfortunate situation of the appellant is included within its prohibitory provisions. We think that the term "person" is used in its normal sense and it must be held to include appellant.

Affirmed.