Charles M. **FOOSHEE, Jr.,** Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 12440.

United States Court of Appeals
Sixth Circuit.

June 9, 1955.

John M. O'Mara, Cincinnati, Ohio (Charles M. Fooshee, Jr., Springfield, Mo., pro se on the brief), for appellant.

Robert E. Joyner, Memphis, Tenn. (Millsaps Fitzhugh, Edward N. Vaden, Memphis, Tenn., on the brief), for appellee.

Before ALLEN, MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This case comes on appeal from an order denying a motion to vacate sentence of ten years' imprisonment and a fine of $1,000 imposed by Judge Boyd in the United States District Court for the Western District of Tennessee for violation of the anti-narcotic laws of the United States.

In effect, the points raised on this appeal are that a physician's prescription for narcotics which contains on the direction of the defendant to whom the prescription was issued a false name and address, and the furnishing of a false name and address when the defendant applied for the prescription for narcotics, are not criminal acts violative of Title 18, section 494, U.S.C.A. We think the argument is not well made. A prescription for narcotics comes within the meaning of the phrase "other writings" as used in the above cited Code section. United States v. Tommasello, 9 Cir., 160 F.2d 348, affirming D.C., 64 F.Supp. 467. Cf. Hart v. Squier, 9 Cir., 159 F.2d 639; Johnson v. Warden, 9 Cir., 134 F.2d 166, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714; Prussian v. United States, 282 U.S. 675 51 S.Ct. 223, 75 L.Ed. 610. See also Lewis v. United States, 9 Cir., 170 F.2d 43.

Moreover, inasmuch as the appellant here did not appeal from his conviction, the motion to dismiss his present appeal is well taken for the reason that the question now raised should have been raised on a direct appeal from his conviction. See Sunal v. Large, 332 U. S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982; Goto v. Lane, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070.

The judgment of the district court is affirmed; and the motion to dismiss the appeal is sustained.