**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Sterling JOHNSON,
Defendant-Appellant.**

**No. 83–5090.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 1984.

Decided June 15, 1984.

Kendra S. McNally, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Victor B. Kenton, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

Johnson appeals his conviction for importation of narcotics under 21 U.S.C. §§ 952(a), 960(a)(1) and misuse of a diplomatic passport under 18 U.S.C. § 1544. We affirm.

■ The trial judge's instruction on the intent necessary to convict for both offenses was not erroneous. Unlike the instructions struck down in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *Connecticut v. Johnson*, 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983), the instruction in this case could not have been understood by a reasonable juror as stating a binding presumption of criminal intent. The instruction was phrased in permissive terms: "You *may consider it reasonable* to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done." (Emphasis added.) It included the disclaimer that, "it is entirely up to you to decide what the facts are from the evidence in the case." We upheld an almost identical instruction in *United States v. Ross*, 626 F.2d 77, 79–80 (9th Cir.1980), decided after *Sandstrom*.

■ Johnson attacks 18 U.S.C. § 1544, as implemented by the restrictions contained in his passport, as unconstitutionally vague. The statute prohibits the willful and knowing use of "any passport in violation of the conditions or restrictions therein contained." Johnson's passport stated that "[a]ny use ... for travel other than that incidental to the discharge of the bearer's ... diplomatic mission is prohibited, and punishable under [§ 1544]." The purpose Johnson himself gave for his trip—the study of Peruvian politics—had nothing at all to do with the diplomatic mission to which Johnson was assigned when he made the trip—affairs related to the Atlantic fisheries. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974).

■ The slight difference between the language of the indictment and the restriction in Johnson's passport did not prejudice Johnson. The indictment charged Johnson with "using the diplomatic passport when he was not abroad on a diplomatic assignment...." He had more than adequate notice of the charges against him. *United States v. Coleman*, 656 F.2d 509, 511–12 (9th Cir.1981).

22 U.S.C. § 211a gives the Secretary exclusive authority to "grant and issue passports ... under such rules as the President shall designate...." Executive Order No. 11,295, 3 C.F.R. 570 (1966) empowers the Secretary to prescribe such rules under the President's authority without action of the President. Thus, Congress has delegated to the Executive Branch the power to prescribe those restrictions that, if violated, constitute an offense under 18 U.S.C. § 1544. The federal courts have long recognized the validity of such a delegation. *See, e.g., United States v. Curtiss-Wright Export Corp.*, 299 U.S. 304, 321–22, 57 S.Ct. 216, 221–222, 81 L.Ed. 255 (1936); *Avent v. United States*, 266 U.S. 127, 130–

31, 45 S.Ct. 34, 35, 69 L.Ed. 202 (1924); *McKinley v. United States,* 249 U.S. 397, 399, 39 S.Ct. 324, 324, 63 L.Ed. 668 (1919); *United States v. Grimaud,* 220 U.S. 506, 521–23, 31 S.Ct. 480, 484–485, 55 L.Ed. 563 (1911).

Although delegation of authority is not unlimited, the Secretary of State does have broad power to control the use of passports. *See Haig v. Agee,* 453 U.S. 280, 293–94, 101 S.Ct. 2766, 2774–2775, 69 L.Ed.2d 640 (1981); *Lynd v. Rusk,* 389 F.2d 940, 947–48 (D.C.Cir.1967). At a minimum, he has the authority to impose restrictions on employees of his own department. 5 U.S.C. § 301 provides:

> The head of an Executive department ... may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property.

*See Chrysler Corp. v. Brown,* 441 U.S. 281, 309, 99 S.Ct. 1705, 1721, 60 L.Ed.2d 208 (1979); H.R.Rep. No. 1461, 85th Cong., 2d Sess. 1 (1958); 19 Op. Att'y Gen. 401, 403 (1889). On these facts, the Secretary acted within his power in imposing the restrictions on the use of a diplomatic passport violated by appellant.

AFFIRMED.