**UNITED STATES, Appellee,**

v.

**Michael J. SMALL,
Quartermaster Seaman
U.S. Navy, Appellant.**

No. 51108.

NMCM 84–1513.

U.S. Court of Military Appeals.

Jan. 13, 1986.

For Appellant: *Lieutenant Commander Frederick N. Ottie, JAGC, USN* (on brief).

For Appellee: *Captain W. J. Hughes, JAGC, USN* and *Lieutenant Charles M. Fresher, JAGC, USNR* (on brief).

*Opinion of the Court*

COX, Judge:

This case concerns the propriety of a defense *voir dire* question directed to the military judge, which the judge declined to answer. 19 M.J. 272. We conclude that the question was improper; accordingly, we affirm.

I

Appellant pleaded guilty to one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced by the military judge sitting alone as a special court-martial to a bad-conduct discharge, confinement at hard labor for 35 days, partial forfeitures for one month, and reduction to the lowest enlisted pay grade. The convening and supervisory authorities approved these results.

Prior to the time for challenges and selection of the mode of trial, defense counsel asked the military judge if he thought the offense—a 657–day unauthorized absence—necessitated a discharge from the naval service. The judge responded that the question was improper as it did not relate to his "qualifications" to sit as a

military judge. Therefore, he declined to answer it. The defense then "withdrew" the question and, ultimately, elected trial by judge alone. The Court of Military Review, in an unpublished opinion, affirmed the findings and sentence on the grounds that, by failing to exercise various other options, such as asking additional questions, formally challenging the judge for cause, or electing trial by members, appellant waived any error.

## II

The granted issue, as framed by appellant, is:

WHETHER THE MILITARY JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE REFUSED TO ALLOW TRIAL DEFENSE COUNSEL TO *VOIR DIRE* THE MILITARY JUDGE THEREBY DENYING APPELLANT THE OPPORTUNITY TO DEVELOP POSSIBLE GROUNDS FOR CHALLENGE AGAINST THE MILITARY JUDGE.

■ The Manual for Courts-Martial in effect at the time of appellant's court-martial contemplates that "counsel may question ... the military judge concerning the existence or nonexistence of facts which may disclose a proper ground of challenge for cause." Para. 62*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). Among the grounds listed for such challenges are: "[a]ny other facts indicating that he should not sit as a ... military judge *in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality.*" (Emphasis added). *Id.* at 62*f*(13). Fairness and impartiality as to sentencing have long been recognized as critical ingredients of military justice. *See United States v. Tippit*, 9 M.J. 106, 107–08 (C.M.A. 1980); *United States v. Deain*, 5

U.S.C.M.A. 44, 49, 17 C.M.R. 44, 49 (1954). Thus, whether the trial judge would be able to be fair and impartial in sentencing relates as much to his "qualifications" as, for example, whether he would "be a witness for the prosecution." *See* para. 62*f*(4), Manual, *supra*. Accordingly, the military judge construed the scope of proper *voir dire* too narrowly.

■ Our reason for affirming the case, however, has to do more with the form of the question. As we interpret the Manual, counsel are free, if they deem it advisable, to ask military judges such questions as, whether they have predetermined the sentence, whether they can keep open minds until all the evidence has been presented, and whether they will give due consideration to the extenuating and mitigating evidence. Counsel do not have a right, however, to extract commitments from judges[1] as to what they will ultimately decide.[2] *Cf. Briley v. Bass*, 584 F.Supp. 807, 818 (E.D.Va.), *aff'd.*, 742 F.2d 155 (4th Cir.1984); *Wolfe v. Nash*, 205 F.Supp. 219, 225 (W.D.Mo.1962), *aff'd.*, 313 F.2d 393 (8th Cir.), *cert. denied*, 374 U.S. 817, 83 S.Ct. 1713, 10 L.Ed.2d 1041 (1963); *State v. Bracey*, 303 N.C. 112, 277 S.E.2d 390, 395 (1981); *State v. Ward*, 569 S.W.2d 341, 344 (Mo.App.1978); *Kephart v. State*, 93 Okl.Cr. 451, 229 P.2d 224, 229 (Okla.Crim. App.1951). Accordingly, we find no error in the trial judge's declining to answer the question.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

This case is quite different from *United States v. Schauer*,* unpublished (N.C.M.R. April 20, 1977), where the military judge refused to submit to any questions. Here

---

[1]. The logic applies equally to court members. *But see, e.g., United States v. Heriot*, 21 M.J. 11 (C.M.A. 1985); *United States v. Cleveland*, 15 U.S.C.M.A. 213, 216, 35 C.M.R. 185, 188 (1965).

[2]. Such questions are not analogous to asking jurors if they are opposed to voting against the death penalty regardless of the facts. *See Wain-*

*wright v. Witt*, — U.S. —, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); *Davis v. Georgia*, 429 U.S. 122, 97 S.Ct. 399, 50 L.Ed.2d 339 (1976); *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

* *See* Appendix to this opinion.

the judge declined to answer a particular question—apparently because of its form—and did not preclude the defense counsel from further inquiry.

APPENDIX

UNITED STATES

V.

THOMAS E. SCHAUER, 324 50 9606, Corporal E–4, U.S. Marine Corps

NCM 76 2574

IN THE U.S. NAVY COURT OF MILITARY REVIEW

Sentence Adjudged 9 June 1976

Decided 20 April 1977

Review pursuant to Article 66(c), UCMJ of General Court-Martial convened by Commanding General, 1st Marine Division (Rein), FMF, Camp Pendleton, California 92055

LT Michael E. Blount, JAGC, USNR, Appellate Defense Counsel

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel

Before MURRAY, Senior Judge, and GREGORY and GLADIS, JJ.

MURRAY, Senior Judge:

In appeal of his conviction of conspiracy to commit robbery, attempted murder, and robbery, the appellant assigns as error, *inter alia*, that:

THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT WHEN HE REFUSED TO ALLOW VOIR DIRE OF THE MILITARY JUDGE, THEREBY DENYING APPELLANT THE OPPORTUNITY TO DEVELOP POSSIBLE GROUNDS FOR CHALLENGE AGAINST THE MILITARY JUDGE.

Prior to arraignment, during the qualification of judge and counsel phase, the following exchange took place:

MJ: It appears that counsel for both sides have the requisite qualifications. My qualifications and status as to oath are correctly set out in the convening order. I have noted the general nature of the charges in this case.

Does the prosecution contemplate the military judge as a witness for the prosecution?

TC: The government does not, sir.

MJ: I am not aware of any matters which may be a ground for challenge by either side. Does the government desire to challenge the military judge for cause?

TC: The government neither wishes to conduct voir dire nor challenge the military judge for cause.

MJ: Does the defense desire to challenge the military judge for cause?

DC: Your Honor, with the court's permission, I would pose a brief question or two to the military judge.

MJ: I will not submit to voir dire. Do you have any challenge for cause, or some basis upon which to base a challenge for cause?

DC: The defense does not. Your Honor.

MJ: Very well. [R. 3–4].

Appellant contends that the refusal of the military judge to allow himself to be questioned by the defense, at the Article 39(a) session prior to arraignment, denied the appellant the factual basis from which he could exercise his informed right to challenge the judge for cause. Article 41, Uniform Code of Military Justice; Paragraph 62a, *Manual for Courts-Martial, United States, 1969, (Revised edition).* Appellant points out that he was unable to challenge the military judge, having been illegally prohibited from developing any possible grounds, due to that judge's arbitrary denial of trial defense counsel's stated intention of conducting voir dire prior to entering a challenge.

Paragraph 62b of the *Manual* provides in part that:

[w]ithout challenging for cause, the trial or defense counsel may question the court, or individual members thereof, and the military judge concerning the exist-

ence or non-existence of facts which may disclose a proper ground of challenge for cause.

The provisions of the *Manual* which provide for substantive grounds for challenge for cause are set out in paragraph 62*f* of the *Manual*. The procedural rights thus outlined in paragraphs 62*a* and 62*b* are interrelated to the substantive right of an accused to be fairly tried by a judge or members (as appropriate) who are free from bias and prejudice or such other disqualification as would negate their competency to sit on the case. *See also* Appendix 9a, page A8–6, *Manual,* for procedural format in re voir dire of the trial judge.

We note that the procedural right of the appellant to voir dire the judge as to potential substantive grounds for challenge was clearly violated in this case. The Government concedes that error was committed, but asks this Court to conclude that the appellant "waived" that error. The proposed "waiver" is alleged to rest upon the "totality" of several factors that are viewed by the Government to "obtain in the case at bar" to wit:

1. The judge was exercising his "discretion" in limiting the "extent of voir dire". (In this case the limit was none).
2. In not "objecting" to the judge's ruling nor attempting an offer of proof, the defense waived a right to assert the error as an appellate issue.
3. Appellant subsequently chose trial by judge alone and thus "subjectively accepted that ... he could receive a fair trial by the military judge." Thus he waived the issue of the judge's earlier error.

While we find the arguments of the Government interesting, we are not moved to agree. First, the trial judge's discretion to limit the scope or extent of voir dire does not include an arrbitrary denial of the appellant's right to conduct the same pursu-

ant to paragraph 62*b* of the *Manual.* While some jurisdictions may not permit voir dire of the judge, our system under the UCMJ does. It is a right granted by executive order. An out of hand and arbitrary denial of that right is error. We emphasize that while the nature and scope of voir dire remains within the control of the military judge, with the caveat that he should be liberal in allowing an accused to develop possible grounds for challenge, the *right* of an accused to conduct voir dire is not discretionary with the judge.

Secondly, we are not persuaded that the appellant waived any right to raise the issue on appeal by not objecting at trial. While it is necessary in some instances to voice objections for the record in order to preserve the issue on appeal, it is not necessary to take exception to every erroneous ruling or order made at trial in order to preserve the issue for appeal. This is particularly true in those instances where the ruling itself is aimed at a request by the appellant to exercise a right vested in law. When the trial judge rules against the appellant in such instances, after the appellant has sought to exercise such right, the issue is preserved for appeal, since it is the ruling that perfected the issue and not an absence or waiver of the appellant to obtain the exercise of that right. Our records are cluttered enough with excess verbiage *without requiring counsel to voice an exception to every incorrect ruling of the trial judge.* It is a practice, incidentally, that is not designed to ingratiate and one which counsel in the case at bar wisely refrained from pursuing since his client obviously wanted to proceed to trial by judge alone and not risk trial by members as his co-accused did.[1]

Thirdly, we do not view the appellant's request for trial by judge alone as subjective acceptance that he could receive a fair trial by that judge and that he thus "waived" the right to raise on appeal the

---

1. In the earlier companion case of *United States v. Weinbender,* No. 76 2331, tried by members, the accused in that case was convicted of the same offenses as the appellant and sentenced, *inter alia,* to 22 years confinement at hard labor. In the case at bar, the appellant was sentenced to 10 years confinement by the trial judge.

issue of the judge's arbitrary denial of appellant's right to voir dire. We perceive, rather, that in order to avoid the hazards connected with a highly emotional trial by Marine Corps members of charges relating to the robbery of a Marine and attempted murder of a Marine by two other Marines, the appellant risked trial by judge alone and *hoped* that he would receive a fair trial. The risk in view of the nature of the crimes gave the appellant better odds of a less emotional impact on the decision-maker (i.e. the experienced judge versus Marine Corps laymen) even though the judge had not permitted the appellant his right to explore possible disqualifying causes resting in the eventual fact finder in this case.

There is a substantial difference between silently acquiescing in the arbitrary decision of the judge and not risking his wrath through pressing the issue any further on the trial level, and the forcing of the appellant to trial by members on highly emotional charges because the appellant was denied the right to discover if the trial judge would be fair and objective. Acquiescence in the face of this sort of Hobson's choice can hardly be termed a subjective acceptance of the trial judge's unexplored objectivity. It was a reasonable tactical move by defense counsel, but in no sense is it viewed as a waiver of appellant's right to voir dire the judge which was summarily and arbitrarily denied.[2]

We have no way of knowing whether the trial judge in the case at bar, who served both as judge and jury—deciding law and fact—was not challengeable for cause under the specific and general grounds set out in paragraph 62*f* of the *Manual*. He may not have been, and it may well be that the appellant received an eminently fair trial. But the record falls short of ever telling us what the answers might have been to counsel's voir dire, or for that matter what the questions might have been.

We are past the point where the record can be clarified to remove any doubt that has been created by the prejudicial error of the trial judge in proscribing appellant's voir dire rights. Thus, since we do not view any of the appellant's actions as a waiver of his right to assert the issue on appeal, we regretably have no recourse but to set aside the findings and sentence and return the record for such proceedings as may be deemed appropriate to assure that the appellant is afforded all of his rights both procedurally and substantively. This, of course, would not have been necessary if the trial judge had done so in the first instance. Fairness, interwoven with firmness, is the hallmark of a good judge; but arbitrariness is not only undesirable, it is often fatal to the administration of justice. Judges are not sacrosanct and are not above the law. No judge has authority to deny an accused a right vested through the system

2. A close examination of the dilemma which confronted the appellant in this instance reveals that it was not a case of waiver of his right to voir dire the judge or waiver of the error that the judge made in denying that right when the appellant proceeded to trial by judge alone. In fact the opposite situation might have given rise to waiver, that is, if the appellant had chosen to go to trial with members. This is not apparent at first blush, but a detailed examination clarifies the seemingly contradictory circumstance. The appellant has an unqualified right to be tried by fair and objective fact finders. To assure this, he sought to question the trial judge which was his right. He was denied that right. If he had then decided not to chance trial by judge alone—this unknown quantity—he would have gone with the members and (through voir dire) would have ascertained if they were competent to sit in his case in order to render a fair and objective decision as to the facts. That decision might then have been construed as a waiver of the right of the appellant to voir dire the judge since the appellant was eliminating the judge as a fact finder. But the appellant wanted, for obvious reasons, trial by judge alone, and having been granted that privilege, he still had the right to know if his right to a fair and objective trial was in the offing. He waived nothing by going to trial by judge alone, and least of all he waived nothing by not protesting the ruling of the trial judge denying him his voir dire rights, since it was that ruling itself which is the issue before this Court. The issue was raised when the appellant sought voir dire. It was perfected when the trial judge denied the request.

under which we operate. Military judges may properly limit the scope and extent of voir dire of the members and themselves, provided such limitations are carefully spelled out for the record. But no military judge under our current law may completely proscribe voir dire of himself or the members.

In view of the foregoing, the findings, and sentence are set aside and the record returned to the Judge Advocate General of the Navy for appropriate action. A rehearing may be ordered.

Judge GREGORY and Judge GLADIS concur.