UNITED STATES

v.

**Sergeant Tyrone M. SMALLS, FR 202–50–9577, United States Air Force.**

**ACM 27842.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 April 1989.

Decided 16 March 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Captain Morris D. Davis.

Before BLOMMERS, KASTL and MURDOCK, Appellate Military Judges.

## DECISION

BLOMMERS, Senior Judge:

The appellant pleaded guilty, pursuant to a pretrial agreement, to two specifications of violating a merchandise control regulation by failing to account for various controlled items of property, including two motor vehicles, and to unlawful disposition of passports belonging to himself and his dependents in violation of Title 18, United States Code, Section 1544. Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892, 934. He was found guilty in accordance with his pleas, and sentenced by a military judge sitting alone to a dishonorable discharge, four months confinement, forfeiture of $200.00 pay per month for four months, and reduction to airman basic (E–1). The convening authority approved the sentence. Before us, two errors are assigned. We find partial merit in the first assertion, but not on the ground raised by counsel.

### I

THE APPELLANT'S PLEA WAS IM-PROVIDENT TO CHARGE I AND THE SPECIFICATIONS THEREUNDER BE-CAUSE OF THE MILITARY JUDGE'S FAILURE TO ADVISE THE APPEL-LANT ABOUT THE DEFENSE AGAINST SELF–INCRIMINATION.

### II

THE MILITARY JUDGE WAS IM-PROPERLY PREDISPOSED TO AD-JUDGE A PUNITIVE DISCHARGE.

### I

#### A

■ The specifications under Charge I allege that the appellant violated provisions of USCINCPACREPPHILINST 4066.7R, *General Merchandise Control Regulations in the Republic of the Philippines*, dated 4 April 1986, by failing to produce or otherwise account for various controlled items of property when directed to do so by cognizant authorities, in this case representatives from the Clark Air Base merchandise control division.[1] The matter asserted as error is being raised for the first time on appeal. It is premised upon the recent challenge to the constitutionality of these so called "show and tell" provisions in overseas merchandise control regulations.

The appellant relies principally on the Army Court of Military Review's decision styled *United States v. Williams*, 27 M.J. 710 (A.C.M.R.1988). The decision actually addressed two cases, *United States v. Williams* and *United States v. Koh*. In *Koh*, the accused pleaded guilty to various offenses, including a specification alleging failure to account for proper disposition of various controlled items of property in violation of the terms of a general regulation. When asked to account for this property, Koh told a military police investigator that he had given some $5,000.00 worth of controlled goods to various Korean national relatives, none of whom could lawfully receive such property. His statement to the investigator was admitted at trial without objection. However, before entering his pleas, Koh did challenge the constitutional-

---

1. The items of property listed in Specification 1 included two amplifiers, one tuner, one cassette deck, two speakers, one cassette player/record-er, one lady's watch, and four automobile tires. Specification 2 related to the two motor vehicles.

ity of the regulation's accounting requirement.

The Army Court held that Koh had effectively raised the "substantive defense" afforded by the Fifth Amendment privilege against self-incrimination; that he had done so in a timely manner; and that his subsequent guilty plea did not waive the defense afforded by the privilege, citing *Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The Court further concluded that the statement, coupled with facts elicited during the providence inquiry and a confessional stipulation, should have alerted the military judge to the possibility that the constitutional defense afforded by the Fifth Amendment might have been raised. The judge was therefore bound to advise Koh about the defense and obtain his affirmative waiver thereof. Absent such inquiry, the Court ruled, the guilty plea was improvident. 27 M.J. at 722–726. *See United States v. Jemmings*, 1 M.J. 414 (C.M.A. 1976).[2]

The appellant argues the rationale in *Koh* is applicable in the instant case. If we accept the Army Court's rationale in *Williams/Koh*, the claim of error has no merit because no issue regarding the constitutionality of the regulatory accounting requirement was raised at trial. Since the matter was not raised, the military judge had no duty to advise the appellant of the defense available under the Fifth Amendment privilege. 1 M.J. at 418.

This does not entirely resolve the issue. Additional guidance regarding the constitutionality of overseas merchandise control accounting requirements has recently been provided by the United States Court of Military Appeals when it rendered its decision in the *Williams* case. *United States v. Williams*, 29 M.J. 112 (C.M.A.1989).[3]

The Court of Military Appeals held that by applying a narrow construction to the regulatory disclosure provisions in such regulations, they are "not unconstitutional *per se* and ... [do] not compel disclosures in violation of the Fifth Amendment or Article 31" of the UCMJ. *Id.* at 113. The Court reasoned:

> The operative language of this regulation [a merchandise control directive applicable to U.S. Forces personnel in Korea] requires a servicemember, upon request, to 'present valid and bona fide information or documentation showing the continued or lawful disposition ... of' specified items. A limited construction of this language suggests that the servicemember must show physical possession of the item or must possess some type of documentation or other papers showing lawful disposition if the item is no longer in his possession.... Different questions or additional questions [absent an Article 31 rights advisement] in combination with the original request to produce the item or documentation are not authorized.

*Id.* at 115. The Court based its holding on the "required records" doctrine as formulated by the United States Supreme Court. *See United States v. Hilton*, at 1043–44 for a discussion of the development of this doctrine. The Court of Military Appeals in *Williams* stated:

> Production of the item or the documents specified by regulation showing the proper disposition of the same would seem to fit squarely within the required records exception to the Fifth Amendment privilege.

> * * * * * *

> [W]e reject appellant's argument that his pleas were improvident and that the

---

**2.** In *United States v. Williams*, the accused was likewise charged with failing to account for controlled items and pleaded guilty to committing that offense. No challenge to the constitutionality of the regulation's accounting requirement was raised at trial. The Court held that an accused may not assert the defense afforded by the Fifth Amendment privilege for the first time on appeal, citing *Garner v. United States*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976).

27 M.J. at 718–719. Accordingly, William's pleas of guilty were provident and his conviction of this offense was affirmed.

**3.** In response to a mandate from the Court of Military Appeals, we have also expressed our views regarding this issue in *United States v. Hilton*, 29 M.J. 1036 (A.F.C.M.R.1990), *aff'd*, 30 M.J. 118 (C.M.A.1990).

military judge should have recognized a potential Fifth Amendment or Article 31 defense in his case. Here, the evidence of record does not show that appellant was a suspect at the time of questioning or that he was asked questions which violated the Fifth Amendment or Article 31.

29 M.J. at 116–117.

The present case appears to fall within the ambit of the *Williams* holding. On 4 May 1988, two merchandise control analysts conducted the "show and tell" at the appellant's quarters. The record of trial itself is silent as to why it was conducted. However, the Article 32 Investigation contains the summarized testimony of one of the analysts. He testified that a review of two other individuals' merchandise control records revealed that the appellant had purchased a vehicle from each one of them, but no documentation concerning the purchases was contained in the appellant's records. Security Police records indicated neither vehicle had been registered on base after purchase by the appellant. Therefore, a "show and tell" was deemed appropriate. It was conducted at a time prearranged through the appellant's first sergeant. The appellant was asked to account for all controlled items of property listed in his records, as well as the two vehicles in question. There is no affirmative indication anywhere in the allied papers that merchandise control officials suspected the appellant of being involved in blackmarketing at the time of the requested accounting.[4] Further, it appears that all the merchandise control officials did when they met with the appellant was ask him to account for the property. As soon as it was determined that he could not, on the spot, account for the vehicles and the other property now charged, the appellant terminated the meeting by indicating he wanted to confer with legal counsel.

We find the circumstances present in this case sufficiently similar to those in *Williams* to conclude that the accounting provision of the regulation charged as being violated can be constitutionally applied to the appellant. There was no violation of the appellant's Fifth Amendment or Article 31, 10 U.S.C. § 831 rights. The military judge had no duty to advise the appellant about his rights under the privilege against self-incrimination. From this perspective then, the pleas of guilty to Charge I and its specifications were provident. We also believe this issue has been waived. 27 M.J. at 718–719. *See also United States v. Clark*, 28 M.J. 401 (C.M.A.1989); *United States v. Hilton*, 26 M.J. 635 (A.F.C.M.R. 1988).[5]

B

On another basis, however, we hold that the findings of guilty as to all but one item of property listed under Specification 1 of Charge I cannot stand as there is no factual basis to support the appellant's plea. R.C.M. 910(e). In short, the record does not establish he committed the offense charged. A portion of the appellant's unsworn statement accurately summarizes the state of the evidence as to the property listed in Specification 1:

Lastly, Judge Waitman, I did fail to show and tell by not showing authorized disposition of the following items in Specification 1 of Charge I: Sanyo amplifier, tuner, cassette deck and speakers and Fisher amplifier. They were all in a repair shop at the time of the show and tell. I failed to show and tell because

---

4. We do not believe the matter of whether or not an individual is a suspect is determinative in any event. Application of the required records doctrine is not dependent upon this factor. *Wilson v. United States*, 221 U.S. 361, 382, 31 S.Ct. 538, 55 L.Ed. 771 (1911). *See also Shapiro v. United States*, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948); *Davis v. United States*, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453 (1946); *United States v. Darby*, 312 U.S. 100, 61 S.Ct. 451, 85 L.Ed. 609 (1941); and cases cited in *Hilton* at 1044, n. 13. The appellant here was at that time under investigation by the Air Force Office of Special Investigations with regard to unlawful disposition of passports, but that appears to have been an entirely separate matter.

5. The Court of Military Appeals decision in *United States v. Lee*, 25 M.J. 457 (C.M.A.1988) was released on 2 March 1988, over a year before this case was tried. *But see United States v. Hilton*, 27 M.J. 323 (C.M.A.1989).

after the "show" I asserted my right to legal counsel. However, I offered to produce the above items to the Article 32 Investigating Officer. As you can see from Defense Exhibit DD, I told the inspectors my stereo was in the shop. The Sanyo tuner and cassette deck were also in the repair shop.

Also, at the time of the inspection my wife was in possession of her watch also listed in Specification 1 of Charge I [the appellant's wife was not home at the time]. You can see from Defense Exhibit CC [sic], I told the inspector where it was and offered to produce it for the Article 32 Investigating Officer.

Lastly, the Toshiba cassette recorder listed in Specification 1 of Charge I was at work [at his office] at the time of the inspection. I also offered to produce this item for the Article 32 Investigating Officer. The only item in Specification 1 of Charge I improperly disposed of was the 4 tires I told you about in my guilty plea.[6]

This is precisely what the appellant told the military judge, under oath, during the providence inquiry.[7] The providence inquiry itself also reveals that the appellant did not offer to take the analysts to the repair shop or his office where the stereo equipment was located, *nor did the analysts ask that he do so.* Regarding the watch, the appellant's wife was somewhere on base at the time, but the appellant was not sure where. At one point the military judge said: "You can bring it [the watch] in here if I wanted to see it?" The appellant replied: "Yes, sir."

We also find of interest a matter which arose during trial counsel's argument on sentence.

ATC: However, aι the time that the Merchandise Control representative was asking him [the appellant] to account for this property he couldn't show any re-

ceipts. He had no receipts to show that they were, indeed, in the shop—

DC: Objection. It's [sic] not in evidence. There was no request made to produce receipts at the time.

MJ: Got a point there, doesn't he?

ATC: He was unable to show proper disposition.

MJ: Okay. But, you can't show that he offered or was asked about receipts. I'll sustain the defense on that. Go ahead.

Neither the extracts from USCINCPA-CREPPHILINST 4066.7R introduced at trial in this case, nor the provisions of Clark Air Base Regulation 30-3, *Merchandise Control* (24 January 1986), of which we took judicial notice in our most recent opinion in the *Hilton* case (see the Appendix to that opinion), and again do so, contain any requirement that U.S. Forces members in the Republic of the Philippines maintain documentation showing that items of controlled property are in a repair shop. Nor is there any regulatory prohibition against placing items of controlled property in a repair shop or keeping them at a work center.

 The appellant is charged with "wrongfully failing to show *possession* or *authorized disposition*" of the property in question. (Emphasis added.) The record before us indicates that the appellant had constructive possession of the stereo equipment, and that there was no unauthorized disposition. We hold that there is no violation of the accounting provision of the regulation charged under the circumstances present in this case as far as the stereo equipment is concerned. There is simply no criminal *mens rea* established. The same can be said for the lady's watch. To attempt to hold a servicemember criminally liable for failing to account for a piece of property when he says the property is in the possession of one of his dependents who does not happen to be physically present at the time the accounting is re-

**6.** The Article 32 Investigating Officer's report confirms that the offer to produce this property was made.

**7.** We recognize that what the Government might have been able to prove *vis-a-vis* what the appel-

late related to the military judge could vary. However, when assessing the validity of a guilty plea, it's an accused's version of the events that counts.

quested we find astonishing. With regard to these items of property the findings of guilty cannot stand. R.C.M. 910(e) and Discussion, and 910(h)(2).[8] We will take appropriate corrective action in our decretal paragraph. Once the appellant volunteered information as to the location of these items of property in response to the initial request for accounting, had the merchandise control officials asked the appellant to accompany them to the repair shop and the place where he worked so they could independently verify the existence of the stereo equipment, and the appellant refused to do so, we would reach a different conclusion. *But see* 29 M.J. at 115, n. 2. With regard to the watch, the officials should have made arrangements to subsequently meet with Mrs. Smalls to verify possession of that item. If she could not show possession or authorized disposition, then a regulatory violation would have occurred.

## II

 We find no merit in the appellant's contention that the military judge was improperly predisposed to adjudge a punitive discharge. At trial, the government took the position that 18 U.S.C. § 1544 (misuse of passport) had extraterritorial application. *See generally United States v. Mosley,* 14 M.J. 852 (A.C.M.R.1982); *United States v. Johnson,* 735 F.2d 373 (9th Cir. 1984); *United States v. Pizzarusso,* 388 F.2d 8 (2d Cir.1968). In so ruling, the military judge stated:

> Well, I've considered those cases and I would find that the court does have jurisdiction over the person of the accused before us. I think this is an offense, pretty clearly, that has extraterritorial effect and that one federal case, I think, really lays that out. *Of course, if some appellate court disagrees, that will be up to them to say so.*

(Emphasis added.) It is urged that this "Freudian slip" revealed that the military judge intended all along to adjudge a punitive discharge in order to insure this case would be reviewable by an appellate court. We view this more as a remark about the state of the law regarding the jurisdictional issue before him; a reference to appellate courts in general, not necessarily one that might be required to review this particular case. And as appellate government counsel aptly point out: "The comment now raised as a bases [sic] for error prompted no response at trial." *See United States v. Small,* 21 M.J. 218 (C.M.A.1986). From our review of the record we conclude that the military judge acted fairly and impartially throughout the trial. *United States v. Berman,* 28 M.J. 615, 617–618 (A.F.C.M. R.1989); *United States v. Martinez,* 19 M.J. 652 (A.C.M.R.1986). *See generally* R.C.M. 801, 902; American Bar Association, *Code of Judicial Conduct,* Canon 3.

In the interest of judicial economy, we will resolve the error noted above at this level of review. Only so much of the findings of guilty of Specification 1 of Charge I as finds that the appellant violated the regulation set forth by failing to show possession or authorized disposition of four tires is affirmed. Reassessing the sentence based on this modification, as well as our independent review of the entire record, we find appropriate only so much thereof as provides for a dishonorable discharge, confinement for three months, forfeiture of $200.00 pay per month for three months, and reduction to airman basic (E-1). Article 66(c), UCMJ, 10 U.S.C. § 866(c). Accordingly, the findings of guilty and the sentence, both as modified, are

AFFIRMED.

Senior Judge KASTL and Judge MURDOCK concur.

---

8. We recognize that the parties at trial may have been constrained to some degree by virtue of the existence of a pretrial agreement in this case.