UNITED STATES, Appellee,

v.

Tyrone M. SMALLS, Sergeant U.S. Air Force, Appellant.

No. 64,875.
ACM 27842.

U.S. Court of Military Appeals.

Submitted Aug. 7, 1990.

Decided June 21, 1991.

For Appellant: *Colonel Richard F. O'Hair* and *Captain Paul M. Dankovich.*

For Appellee: *Major Paul H. Blackwell.*

*Opinion*

SULLIVAN, Chief Judge:

On April 14, 1989, appellant was tried by a general court-martial composed of a military judge sitting alone at Clark Air Base, Republic of the Philippines. Pursuant to his pleas, he was found guilty of one specification each of violating paragraphs 2r and 3h, Enclosure 6, USCINCPACREPPHILINST 4066.7R (April 4, 1986), in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892. Also, pursuant to his pleas, he was found guilty of disposition of his family's passports contrary to 18 USC § 1544, a violation of Art. 134, UCMJ, 10 USC § 934. He was sentenced to a dishonorable discharge, confinement and forfeiture of $200 pay per month for 4 months, and reduction to E–1. The convening authority approved the sentence. On March 16, 1990, the Court of Military Review affirmed the findings of guilty with some modification. In reassessing the sentence, it reduced the term of confinement and the period of forfeitures to 3 months. 30 MJ 666.

On August 7, 1990, this Court granted review on the following question of law:

WHETHER APPELLANT'S PROSECUTION, PREMISED UPON A VIOLATION OF USCINCPACREPPHILINST 4066.7R, AMOUNTED TO A "PENALTY" ON THE APPELLANT'S EXERCISE OF HIS FIFTH AMENDMENT

AND ARTICLE 31 RIGHTS AGAINST SELF–INCRIMINATION.

We hold that the record of trial does not support a conclusion that appellant's rights under the Fifth Amendment or Article 31, UCMJ, 10 USC § 831, were violated. *See United States v. Williams,* 29 MJ 112 (CMA 1989). Moreover, his guilty pleas and his failure to raise these claims at a court-martial tried after publication of our decision in *United States v. Lee,* 25 MJ 457 (CMA 1988), waived any claims he may have had in this regard. *Cf. United States v. Hilton,* 27 MJ 323 (CMA 1989).

Appellant pleaded guilty to violating two so-called "show and tell" regulations.* He did so almost 14 months after the decision of this Court in *United States v. Lee, supra.* Pursuant to these pleas, he stipulated to the following facts:

1. On 10 December 1987 through the present and at all pertinent times Sergeant Tyrone M. Smalls has been on active duty with the United States Air Force stationed at Clark Air Base, Republic of the Philippines, and assigned to the 3d Combat Support Group.

2. The Merchandise Control Activity, Commander of the 3rd Combat Support Group, designated Major Thomas A. Beckett as Merchandise Control Activity IAW USCINCPACREPPHILINST 4066.-7R, enclosure 6, paragraph 9. Major Beckett, in turn, authorized TSgt Robert Frazier to conduct show and tell operations on his behalf. TSgt Frazier was, therefore, a "Cognizant Authority" for the purpose of USCINCPACREPPHI-LINST 4066.7R, enclosure 6, paragraph 2(r) and 3(h) when he conducted the show and tell of the accused's property on 4 May 1988.

3. On or about 4 May 1988, the accused violated USCINCPACREPPHILINST 4066.7R, enclosure 6, paragraph 2r, dated 4 April 1986, a lawful general regulation, by wrongfully failing to show possession or authorized disposition of the following tax-exempt personal property he owned when so directed by cognizant authorities to do so:

  a. Stereo Systems consisting of:

    (1) One Sanyo Amplifier (Prosecution Exhibit 2)

    (2) One Sanyo Tuner (Prosecution Exhibit 2)

    (3) One Sanyo Cassette Deck (Prosecution Exhibit 2)

    (4) Two Sanyo Speakers (Prosecution Exhibit 2)

    (5) One Fisher Amplifier (Prosecution Exhibit 3)

    (6) One Toshiba Cassette Player/Recorder (Prosecution Exhibit 4)

  b. Ladies Watch (Prosecution Exhibit 5)

  c. Four Car tires (Prosecution Exhibit 6)

4. The accused, on or about 4 May 1988, also failed to show possession or authorized disposition of his 1984 Chevy Blazer and 1978 Toyota Celica in violation of USCINCPACREPPHILINST 4066.7R, enclosure 6, paragraph 3h, dated 4 April 1986, a lawful general regulation, when

---

* 1. *Definitions.* The terms "tax-exempt property" and "tax-exempt motor vehicles," as used herein, refer to personal property or motor vehicles in the RP [Republic of the Philippines] upon which no RP import, excise, consumption, or other tax, duty, or import has been paid by reason of the exemption granted pursuant to reference (a). A "nontax-exempt person" is a person or other entity not entitled to a tax exemption under reference (a). All prohibitions relating to motor vehicles are equally applicable to the major components of motor vehicles, i.e., engine, transmission, drive train, and chassis.

2. *Tax–Exempt Personal Property.* The following acts and practices relating to the acquisition, possession, and disposition of tax-exempt personal property are *prohibited* and violations may result in disciplinary and/or adverse administrative actions:

    \*     \*     \*     \*     \*

  r. Failure to show possession or authorized disposition of tax-exempt personal property when so directed by cognizant authorities.

    \*     \*     \*     \*     \*

3. *Tax–Exempt Motor Vehicles.* The following acts and practices relating to the acquisition, possession, and disposition of motor vehicle[s] are *prohibited:*

    \*     \*     \*     \*     \*

h. Failure to show possession or authorized disposition of tax-exempt motor vehicles when so directed by cognizant authorities.

he was directed by cognizant authorities to do so (Prosecution Exhibits 7 and 8, respectfully [sic]).

The Court of Military Review in its opinion made additional comments concerning appellant's questioning by two command representatives:

On 4 May 1988, two merchandise control analysts conducted the "show and tell" at the appellant's quarters. The record of trial itself is silent as to why it was conducted. However, the Article 32 Investigation contains the summarized testimony of one of the analysts. He testified that a review of two other individuals' merchandise control records revealed that the appellant had purchased a vehicle from each one of them, but no documentation concerning the purchases was contained in the appellant's records. Security Police records indicated neither vehicle had been registered on base after purchase by the appellant. Therefore, a "show and tell" was deemed appropriate. It was conducted at a time prearranged through the appellant's first sergeant. The appellant was asked to account for all controlled items of property listed in his records, as well as the two vehicles in question. There is no affirmative indication anywhere in the allied papers that merchandise control officials suspected the appellant of being involved in black-marketing at the time of the requested accounting.[4] Further, it appears that all the merchandise control officials did when they met with the appellant was ask him to account for the property. As soon as it was determined that he could not, on the spot, account for the vehicles and the other property now charged, the appellant terminated the meeting by indicating he wanted to confer with legal counsel.

[4] ... The appellant here was at that time under investigation by the Air Force Office of Special Investigations with regard to unlawful disposition of passports, but that appears to have been an entirely separate matter.

30 MJ at 669.

The plea inquiry in this record does not in any way suggest that appellant was actually a suspect for his first sergeant at the time the latter questioned him or that he was asked questions which violated the Fifth Amendment or Article 31. *United States v. Williams*, 29 MJ at 117; *cf. United States v. Jones*, 31 MJ 189, 191 (CMA 1990). The Court of Military Review did note some information presented at the Article 32, UCMJ, 10 USC § 832, investigation which could support an argument that appellant should reasonably have been considered a suspect by merchandise control officials at that time. *See United States v. Good*, 32 MJ 105 (CMA 1991); *but see United States v. Bethea*, 22 USCMA 223, 46 CMR 223 (1973). Nevertheless, that court did not find that appellant was a suspect on this basis, and appellant himself did not make such an argument at his trial which occurred long after the decision of this Court in *Lee*. In these circumstances, we agree with the court below that appellant waived this issue by failing to both fully develop the record and properly present such a claim to the military judge. *Cf. United States v. Hilton*, 27 MJ at 326.

The decision of the United States Air Force Court of Military Review is affirmed.

COX, Judge (concurring in the result):

I agree with Chief Judge Sullivan that the findings and sentence should be affirmed. However, I remain of the opinion that a servicemember may be prosecuted for failing to obey the "show and tell" regulation. *See* my separate opinions in *United States v. Jones*, 31 MJ 189, 194 (CMA 1990), and *United States v. Lee*, 25 MJ 457, 465 (CMA 1988).

EVERETT, Senior Judge (dissenting):

I would set aside the conviction because, in my view, the "show and tell" regulation on which the Government relied in prosecuting Smalls is unconstitutional. *See United States v. Williams*, 29 MJ 112, 120 (CMA 1989) (Everett, C.J., dissenting).